(No. 16180.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SYLVESTER MAFFEI, Plaintiff in Error.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

1. CRIMINAL LAW—*constitutional question must be raised below to authorize direct review of misdemeanor.* To give the Supreme Court jurisdiction to review a judgment of conviction for a misdemeanor the validity of a statute or other constitutional question must in some way have been presented to the trial court for decision and an exception preserved to the court's ruling.

2. SAME—*when constitutional question cannot be argued on review.* Where a defendant pleads guilty to the charge of a misdemeanor no constitutional question can be argued to authorize a direct review in the Supreme Court, where the record fails to disclose that any motion was made or any ruling asked involving a constitutional question, no motion was made to quash the indictment, for a new trial or in arrest of judgment, and no objection or exception to any ruling or finding of the court was preserved.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

ROY F. HALL, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, WILLIAM JOHNSON, State's Attorney, GEORGE C. DIXON, and A. B. LOUISON, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

At the January, 1922, term of the circuit court of Winnebago county an indictment consisting of two counts was returned against Sylvester Maffei and Margaret Maffei, his wife. A *nolle prosequi* was entered on both counts as to Margaret Maffei and on the second count as to Sylvester Maffei. The first count charged the prohibited and unlawful possession of intoxicating liquor by Maffei. His plea of not guilty was afterwards changed to a plea of guilty.

The court found him guilty as charged in the first count. He then made application to be admitted to probation, and his application was granted. Upon the expiration of the period of probation he was discharged. By this writ of error he seeks a reversal of the judgment upon the following grounds: (1) That the indictment failed to state an offense punishable under the law and that no sentence could be imposed upon a plea of guilty thereto; (2) that although the judgment has been satisfied by the admission of the plaintiff in error to probation and his discharge therefrom, yet it still has force and effect and can be invoked against him in case he should be charged with a second violation of the law; and (3) that section 39 of the Illinois Prohibition act, in so far as it permits an offense against the statute to be charged by the statement that the act complained of was prohibited and unlawful, violates section 9 of the bill of rights. Upon the theory that a constitutional question is involved this writ of error is prosecuted.

Section 118 of the Practice act provides that writs of error in all criminal cases below the grade of felony shall issue from the Appellate Court, but that in cases in which the validity of a statute or a construction of the constitution is involved such writs shall issue from the Supreme Court. It has been often held that to give this court jurisdiction to review a judgment of conviction for a misdemeanor the validity of the statute must in some way have been presented to the trial court for decision and an exception preserved to the court's ruling. (*Cummings* v. *People,* 211 Ill. 392; *People* v. *Cannon,* 236 id. 179; *People* v. *Rawson,* 278 id. 654; *People* v. *Calkins,* 291 id. 317; *People* v. *Pierce,* 296 id. 327; *People* v. *Esposito,* 296 id. 535.) The plaintiff in error was found guilty of a misdemeanor. The record fails to disclose that any motion was made or any ruling asked which called upon the trial court to determine the constitutional question now raised. There was no motion to quash the indictment or for a new trial or in arrest of

judgment. No objection or exception to any ruling or finding of the court was preserved. The question of the validity of section 39 of the Prohibition act, challenged here, was not presented to the trial court in any manner. Hence this court is without jurisdiction to review the judgment.

The writ of error should have been sued out of the Appellate Court for the Second District, and the cause will be transferred to that court.          *Cause transferred.*