(Nos. 21175, 21176, 21177, 21184.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILMA POINTER, Plaintiff in Error.—Same Defendant in Error *vs.* BESSIE LYONS STROH, Plaintiff in Error.—Same Defendant in Error *vs.* EVA TIDRICK, Plaintiff in Error.—Same Defendant in Error *vs.* SWOOT STUMP, Plaintiff in Error.

*Opinion filed April 23, 1932.*

J. D. TEMPLEMAN, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WALLACE A. WALKER, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Nos. 21175, 21176, 21177 and 21184 have been considered together. The abstracts and briefs were filed in *People v. Tidrick,* No. 21177. The plaintiffs in error were separately charged by informations in the county court of McDonough county with selling intoxicating liquor contrary to the Illinois Prohibition act. Pleas of guilty were entered and a judgment in each case was rendered sentencing the respective plaintiffs in error to six months' imprisonment in the State Reformatory for Women and to pay the costs. Bessie Lyons Stroh was also ordered to pay a fine of $300 and to stand committed until the fine and costs are fully paid. Eva Tidrick was ordered to pay a fine of $200 and to stand committed until the fine and costs are fully paid. Writs of error were sued out from this court to review the respective judgments.

There are thirteen assignments of error, only a few of which are argued in the briefs. The ostensible reason for suing out the writs of error from this court is to question the validity of the several acts of the General Assembly which provide for the commitment of a female convicted of a misdemeanor to the State Reformatory for Women. Briefly stated, the point is made that by section 5 of "An act to establish and provide for a State Reformatory for Women," and by clause 4 of section 3 of the Parole act, (Smith's Stat. 1931, chap. 38, par. 803,) every female person above the age of eighteen years adjudged guilty of an offense punishable by imprisonment in the penitentiary

shall be committed to the State Reformatory for Women. It is contended that inasmuch as this provision deals only with felonies it makes the institution a penitentiary. It is pointed out that the same clause further provides that every female over the age of sixteen years adjudged guilty of any offense whose sentence or commitment is for six months or longer may be committed to the State Reformatory for Women. Thus female felons and misdemeanants are to be committed to the same penal institution. A felony is an offense punishable by death or imprisonment in the penitentiary. Every other offense is a misdemeanor, punishable by a fine or imprisonment in a penal institution other than a penitentiary.

It is argued that a female convicted of a misdemeanor cannot be committed to an institution to which felons are committed, for the reason that a prison cannot be a penitentiary for one and not a penitentiary for another. Whether or not the point is well taken cannot be determined by us in this proceeding, because the validity of said statutory provisions was not called in question in the trial court. No motion for a new trial or in arrest of judgment was made. No objection was made to any ruling, finding or judgment of the court. Under section 118 of the Practice act a writ of error will not issue from this court in criminal cases below the grade of felony unless the validity of a statute or a construction of the constitution is involved, and even then this court will take jurisdiction only when the validity of the statute or a construction of the constitution has been presented to the trial court for decision. *People* v. *Maffei,* 315 Ill. 226.

Inasmuch as the validity of the statute was not presented to the trial court in any of the cases here involved this court is without jurisdiction to review the judgments, and the causes will be transferred to the Appellate Court for the Third District.

*Causes transferred.*