The People of the State of Illinois, Defendant in Error, v. Eva Tidrick, Plaintiff in Error.

Gen. No. 8,715.

Opinion filed January 16, 1933.

J. D. TEMPLEMAN, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, J. J. Neiger, Assistant Attorney General, and Wallace A. Walker, State's Attorney, for defendant in error.

Mr. Justice Niehaus delivered the opinion of the court.

In this case an information was filed against the plaintiff in error, Eva Tidrick, charging her with violation of the State Prohibition Act, Cahill's St. ch. 43, ¶ 1 *et seq.*, namely, by the unlawful sale of intoxicating liquor. The plaintiff in error entered a plea of guilty to the charge contained in the information and was sentenced by the court to confinement in the State Reformatory for Women for six months; and to pay a fine of $200; and it also was ordered that she be committed to the reformatory until the fine assessed against her and the costs be paid.

The sufficiency of the information was not questioned; nor was there any question raised as to the form of the judgment in the county court. The judgment recites that the defendant was arraigned, waived her right to a trial by jury, and that she entered her plea of guilty to the charge contained in the information; and that she was admonished as to the consequences of her plea of guilty before her plea was accepted; and that thereupon her plea was accepted; that the court found her age to be over 18 years. She was thereupon sentenced to the State Reformatory for Women as above stated.

The record in this case does not contain any bill of exceptions, and therefore only such matters are properly before this court for review as are disclosed by the common law record.

After judgment and sentence, the plaintiff in error sued out a writ of error to the Supreme Court; and the Supreme Court passed upon the main question involved in the cause, *People v. Pointer*, 348 Ill. 277.

It appears from the opinion of the court that by stipulation of all the parties, three other cases were consolidated with this case; and all the cases were considered and determined by the court under the stipulation, upon the abstracts and briefs filed in the *Tidrick* case, and transferred to this court. The opinion of the court, transferring the consolidated cases, is as follows:

"Nos. 21175, 21176, 21177 and 21184 have been considered together. The abstracts and briefs were filed in *People v. Tidrick,* No. 21177. The plaintiffs in error were separately charged by informations in the county court of McDonough county with selling intoxicating liquor contrary to the Illinois Prohibition Act. Pleas of guilty were entered and a judgment in each case was rendered sentencing the respective plaintiffs in error to six months' imprisonment in the State Reformatory for Women and to pay the costs. Bessie Lyons Stroh was also ordered to pay a fine of $300 and to stand committed until the fine and costs are fully paid. Eva Tidrick was ordered to pay a fine of $200 and to stand committed until the fine and costs are fully paid. Writs of error were sued out from this court to review the respective judgments.

"There are thirteen assignments of error, only a few of which are argued in the briefs. The ostensible reason for suing out the writs of error from this court is to question the validity of the several acts of the General Assembly which provide for the commitment of a female convicted of a misdemeanor to the State Reformatory for Women. Briefly stated, the point is made that by section 5 of 'An act to establish and provide for a State Reformatory for Women,' and by clause 4 of section 3 of the Parole Act (Smith's Stat. 1931, ch. 38, par. 803), every female person above the age of eighteen years adjudged guilty of an offense punishable by imprisonment in the penitentiary shall

194

be committed to the State Reformatory for Women. It is contended that inasmuch as this provision deals only with felonies it makes the institution a penitentiary. It is pointed out that the same clause further provides that every female over the age of sixteen years adjudged guilty of any offense whose sentence or commitment is for six months or longer may be committed to the State Reformatory for Women. Thus female felons and misdemeanants are to be committed to the same penal institution. A felony is an offense punishable by death or imprisonment in the penitentiary. Every other offense is a misdemeanor, punishable by a fine or imprisonment in a penal institution other than a penitentiary.

"It is argued that a female convicted of a misdemeanor cannot be committed to an institution to which felons are committed, for the reason that a prison cannot be a penitentiary for one and not a penitentiary for another. Whether or not the point is well taken cannot be determined by us in this proceeding, because the validity of said statutory provisions was not called in question in the trial court. No motion for a new trial or in arrest of judgment was made. No objection was made to any ruling, finding or judgment of the court. Under section 118 of the Practice Act a writ of error will not issue from this court in criminal cases below the grade of felony unless the validity of a statute or a construction of the constitution is involved, and even then this court will take jurisdiction only when the validity of the statute or a construction of the constitution has been presented to the trial court for decision. *People v. Maffei,* 315 Ill. 226.

"Inasmuch as the validity of the statute was not presented to the trial court in any of the cases here involved this court is without jurisdiction to review the judgments, and the causes will be transferred to the Appellate Court for the Third District."

The Supreme Court disposed of all the questions raised by the plaintiff in error concerning the legality of the commitment of the plaintiff in error for the commission of the offense to the State Reformatory for Women. The only matter which remains for consideration and determination in this court is the validity of the order which the county court annexed to the sentence for the purpose of continuing the commitment in the reformatory of the plaintiff in error until the fine assessed against her and the costs were paid.

In reference to this assignment of error, it must be pointed out, that section 2 of the Parole Act, Cahill's St. ch. 38, ¶ 796, provides: "No person shall by any court be committed to the penitentiary, reformatory or other State institution for the recovery of a fine or costs." In the case of *People v. Stavrakas,* 335 Ill. 570, the court said in reference to the provision above quoted:

"The evident intention of the legislature by said provision of the statute was to prevent a defendant's sentence to the penitentiary, reformatory or other State institution being extended by compelling him to submit to further imprisonment to pay his fine and costs. This is shown to be the true construction of that section by reason of other provisions of the Criminal Code."

We conclude, therefore, that the order extending the imprisonment in the reformatory of the plaintiff in error for the purpose of compelling the payment of the fine and costs assessed against her is in conflict with section 2 of the Parole Act, and therefore void.

For the reasons herein set forth, the judgment and sentence committing the plaintiff in error to the State Reformatory for Women as punishment for the offense of which she stands convicted, is affirmed; but the order of commitment until the fine assessed against her and costs are paid, is reversed.

The mandate of affirmance and reversal applies to each of the other three cases, which are consolidated with this cause; and which in this court bear the numbers 8714, 8716 and 8717.

*Affirmed in part and reversed in part.*