### Hanna Bechtel, Appellee, v. Jeff Rocke et al., Appellants.

### Gen. No. 9,160.

Opinion filed January 18, 1937.

GEORGE JOCHEM, of Peoria, for certain appellant.

George W. Hunt, of Peoria, and W. H. Foster, for certain other appellant.

Richard H. Radley and Ren Thurman, both of Peoria, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

This suit was originally one to foreclose a mortgage on two tracts of land in Woodford county. The case was before us at a former term of court, under the title *Bechtel v. Rocke,* Gen. No. 8,907, 280 Ill. App. 631, which is not reported in full. At that time, we reversed and remanded the case to the circuit court, with directions. The case was reinstated in the trial court and a decree entered in conformity with the directions of this court in the remanding order. The property was ordered sold at public sale on Saturday, June 27, 1936, at 10 o'clock a. m. Public notice was given of the time and place of the sale and the master sold the premises on that date. The Farmers' State Bank at Eureka, which was the holder of the first mortgage on the premises, bid $8,800 for tract A, and $3,050 for tract B. The master issued his certificates of purchase to the said bank and reported the sale to the trial court.

At the hearing before the court on confirmation of the master's report of sale of the premises, verbal objections were filed to the report, which were later certified by the judge, as being a statement made in relation to said objections. The Honorable Ren Thurman, attorney at law, of Peoria, Illinois, representing the appellee, Hanna Bechtel, stated his objections were that the property was sold for a grossly inadequate sum; that the sale was irregular and that it was hard for prospective bidders to comply with the order of sale; that Mr. Hunt, one of the attorneys representing the appellants, bid in the property for, the bank at $110

per acre and a Mr. Distler, who was present, bid $115 an acre for the same property, but on account of Mr. Distler's misunderstanding the terms of the sale, Distler could not pay cash at the time of the sale; that Mr. John Distler, who was a very wealthy man, would probably have bid $24,000 for the property. He asked the court to give them 10 days in which to get Mr. John Distler to submit a bid for the property.

The court ordered that the report of the sale by the master in chancery be continued for confirmation. The master was again ordered and directed to offer the land at public sale on the same terms and provisions as originally decreed. The master was not to receive or accept any bids at the resale for any amount less than $20,000 as the total to be paid for both tracts. The expense of readvertising of the resale was to be taxed and payable by the complainant, Hanna Bechtel. Mr. Distler was ordered to file a written proposal of his bid on the premises at the resale and ordered to appear in court on July 7, to make arrangements to bid on the land.

On July 7, 1936, a supplemental decree was filed, a part of which is as follows: "Now on this day this cause coming on to be heard upon the special master's report of sale heretofore filed herein, and the request or motion of Hanna Bechtel made by and through her attorneys of record for a re-sale of said premises, on the grounds that substantial prospective bidders were unavoidably absent from sale and misunderstood or were ignorant of the printed terms of notice of said sale, and on the further grounds of the inadequacy of the bids received by the special master in connection with which motion or request, the said Hanna Bechtel has submitted to the court a guaranteed bid in case of re-sale." Incorporated in the decree was the bid of J. P. Distler of $12,000 for tract A, and $8,000 for tract B, who filed a certified check for $2,000 showing

his good faith in his bid. The decree then provides how the $2,000 shall be handled in case the property does not sell for more than $20,000. It then continues with directions to the master how to proceed with the sale and what to do with the money derived therefrom. The master again advertised the sale and Mr. J. P. Distler bid the sum of $20,000 for the properties. This the master reported to the court, and on a hearing of objections of the appellants, the report was approved and a decree entered confirming the sale. An appeal from that decree has been perfected to this court.

The appellants insist that the trial court erred in setting aside the first order of sale and ordering the property re-sold. They claim that the first sale was open and aboveboard and that the inadequacy of the price was not a legal cause to set aside the first sale. There are numerous cases that state the general rule to be that where a sale has been conducted in accordance with the order of the court, and a purchaser is a stranger to the order of the sale, the mere inadequacy of the price will not justify the court in not confirming the sale and depriving the purchaser of the benefits of his bargain, unless the inadequacy is such as to amount to fraud. There are numerous exceptions to this rule. The first one is that the sale must be fairly conducted and all bidders have an equal chance to purchase the property. As far as we have been able to observe in all the cases cited by the appellant, the purchaser was a stranger to the order of sale. In the present case, the purchaser was a holder of the first mortgage and not a stranger to the sale.

The trial court in its supplemental decree quotes from the objections filed by the appellee to the report of the first sale as follows: "That substantial prospective bidders were unavoidably absent from the sale and either misunderstood or were ignorant of the

printed terms of notice of said sale and the inadequacy of the bids received by the master.'' It is noted that the total of the appellants' bids at the first sale was $11,850; that the total of the bid at the second sale was $20,000 or a gain of $8,150. In the case of *Moeller v. Miller,* 315 Ill. 454, at page 459, the court in discussing the earlier case of *Rader v. Bussy,* 315 Ill. 226, after announcing the general rule, says: ''In the case of *Rader v. Bussey,* just cited, the rule is laid down that where the bid at a judicial sale is so inadequate as to shock the conscience of the court or to amount to sufficient evidence of fraud in law, the sale will be set aside on that ground, alone. In determining this question no definite rule is laid down as to what per cent of the value of the property must be bid at the sale in order to amount to such gross inadequacy as to be evidence of a legal fraud but each case must be determined by its own circumstances.''

The Appellate Court of the First District in the case of *Levy v. Broadway Carmen Bldg. Corp.,* 278 Ill. App. 293, and also in the case of *Martin v. Crews,* 279 Ill. App. 37, sustained the trial court in setting aside a sale of mortgaged property and ordering a resale of the same, solely on the ground that the sale price at the first sale was grossly inadequate. In the present case, at the first sale of the property, the bid of $11,850 was so grossly inadequate that for this reason alone the trial court was justified in setting aside the first sale and entering an order to resell the same at a guaranteed price of $20,000 or more.

In addition to the inadequacy of the sale price, we do not consider that the appellant, the Farmers' State Bank of Eureka, stood in the position of a stranger to the transaction. While they were entitled to bid at the sale, and should properly have the benefit of a good bargain, the sale was not completed until approved by

the court. What effect the statement of the attorney of the bank had upon the sale price of the land·is purely conjectural, but such sales should be conducted openly and aboveboard with an equal chance for all to bid upon the property. We therefore conclude that the court properly found that the first sale was not a fair one, and that the property should be resold.

We find no reversible error in the case, and the decree of the trial court is hereby affirmed.

*Affirmed.*