(No. 13069.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK CALKINS, Plaintiff in Error.

*Opinion filed February 18, 1920.*

CRIMINAL LAW—*mere averment that constitutional question is involved does not authorize direct review of conviction for misdemeanor.* A mere averment in the brief that the statute under which a person is convicted of a crime below the grade of felony is unconstitutional does not justify a direct review of the judgment by the Supreme Court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding.

JAMES HARTNETT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error, Frank Calkins, was charged in an indictment with doing certain acts which directly tended to render a certain female child of the age of sixteen years

delinquent by ravishing and carnally knowing her. His plea was not guilty, and upon a trial he was found guilty in manner and form as charged in the indictment. His motion in arrest of judgment was overruled and he was sentenced to two months' imprisonment in the house of correction at labor. He has sued out a writ of error, and alleges that the statute under which he was tried is unconstitutional, and that "the statute, indictment, verdict, judgment and sentence * * * deprive him of the protection of the constitution, of the law of the land and of due process of law."

The only provisions of the constitution mentioned in the argument are sections 2 and 10 of article 2, neither of which has the slightest application to the case. While it is said that this statute (Laws of 1915, p. 369,) is manifestly contrary to the constitution, contrary to the law of the land and contrary to due process of law, no attempt has been made to show us wherein the inconsistency consists and our unaided efforts have not enabled us to discover the inconsistency. We are therefore forced to the conclusion that no question of the construction of the constitution is involved in the case, for the mere averment that such question is involved is of no importance where the record shows that no such question is involved, that the proposition presented is not fairly open to controversy.

The Practice act provides (sec. 118) that writs of error in criminal cases below the grade of felony shall issue from the Appellate Court but in all cases in which the validity of a statute or a construction of the constitution is involved shall issue from the Supreme Court. The writ of error should have been sued out of the Appellate Court for the First District, which has jurisdiction to review the judgment, and the cause will be transferred to that court.

*Cause transferred.*