THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. AMELIA CARY, Plaintiff in Error.

*Opinion filed April 23, 1926.*

CRIMINAL LAW—*when objection to sentence does not raise constitutional question.* A punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law under which the punishment is imposed is subject to that objection, and unless the law itself is attacked upon that ground the Supreme Court will not take jurisdiction of a direct appeal from a conviction of a misdemeanor, the assignment of error being based on the ground that the court misconstrued the section of the act fixing the penalty.

WRIT OF ERROR to the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding.

CLARENCE J. SCHROEDER, and STEWART & KLINGBIEL, (BEN A. STEWART, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, BENJAMIN S. BELL, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was convicted in the county court of Rock Island county of the violation of the Illinois Prohibition act under the first count of an indictment charging unlawful possession of intoxicating liquor and was sentenced to pay a fine of $1000 and costs. It was also "ordered by the court that if said fine and costs are not paid in full, the said defendant shall stand committed to the county jail of Rock Island county, Illinois, and there work out said fine and costs at the rate of $1.50 per day under the direction of the sheriff as the county board may provide for, or until said fine and costs are fully paid ·in this manner, or until

said defendant is otherwise discharged as provided by law."
The jurisdiction of this court is invoked on the ground that
the judgment of the county court is excessive and without
authority of law and in violation of that part of section 11
of article 2 of the constitution which provides that "all
penalties shall be proportioned to the nature of the offense."

Section 33 of the Illinois Prohibition act, which pre-
scribes the punishment for the offense in question, provides
that the person convicted may be either fined not less than
$100 nor more than $1000, or imprisoned not less than
sixty days nor more than six months.   Plaintiff in error
contends that the maximum term of imprisonment fixed
by this section of the Prohibition act is exceeded in this
case by the commitment of plaintiff in error to the county
jail to work out the fine at the rate of $1.50 a day, because
if the fine is not paid and she is compelled to work it out
she will be confined 666 days.   Defendant in error relies
upon the provisions of the Criminal Code to sustain that
part of the judgment ordering the fine to be worked out.
It was not contended on the trial, nor is it contended here,
that either section 33 of the Prohibition act or the provi-
sion of the Criminal Code as to working out fines is uncon-
stitutional.   The assignment of error as to the sentence of
the court being excessive is based on the ground that the
county court improperly construed the section of the Prohi-
bition act fixing the penalty for its violation and improperly
applied paragraph 391 of chapter 38 of Smith's Statutes.
This does not raise a constitutional question but a question
of statutory construction.   A punishment authorized by law
cannot be said to be disproportionate to the nature of the
offense unless the law under which the punishment is im-
posed is subject to that objection.   (*People* v. *Elliott,* 272 Ill.
592.)   Where the court imposes a sentence within the lim-
its of the statute no constitutional question as to the punish-
ment being disproportionate can be involved by merely at-
tacking the sentence.   It is necessary to attack the law and

show that it violates the constitution in order to raise the question.. This court is therefore without jurisdiction. *Boylan* v. *Chicago Title and Trust Co.* 240 Ill. 413.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*