(No. 21421.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN DAVIES, Plaintiff in Error.

*Opinion filed October 22, 1932.*

SAMUEL BARTH, and ELWYN E. LONG, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

John Davies, plaintiff in error, was convicted in the municipal court of Chicago of unlawfully, willfully and wrongfully changing, altering and removing the manu-

facturer's number on a .45-caliber Colt automatic pistol and was sentenced to imprisonment in the House of Correction for one year and to pay a fine of $100 and costs. He sued out this writ of error to review that judgment, and contends that section 2a of "An act revising the law relating to deadly weapons," as amended by the act of June 29, 1931, (Smith's Stat. 1931, chap. 38, par. 153a,) is unconstitutional, and that the weapon from which the manufacturer's number had been removed was seized by police officers after an unlawful arrest, in violation of his constitutional rights.

The record shows that the constitutional questions here sought to be raised were not raised in the trial court. Although a motion to quash was made, the constitutionality of the statute was not questioned. No questions relating to the validity of the statute were raised in the oral motions for a new trial and in arrest of judgment. The record does not show that any specific constitutional objections were made in the written motion to suppress the evidence, the only statement relating to the constitution being the assertion that "your petitioner further represents that he expects to stand upon his rights guaranteed him by the State and Federal constitutions in this behalf and as soon as his matter could be heard," etc. This general statement is not sufficient, as it cannot be known what constitutional question is raised in order to determine whether it has been previously passed upon by this court. The mere statement of the fact that the State and Federal constitutions guarantee certain rights on which one expects to stand is not of itself sufficient to show that a constitutional question was raised in the motion to suppress. (*People* v. *Blenz,* 317 Ill. 639.) This court cannot take jurisdiction upon the mere statement of counsel that a constitutional question is involved, as it will not search the constitution to discover some basis upon which jurisdiction to entertain the proceedings can be sustained. (*Iles* v. *Heidenreich,* 271 Ill. 480; *People* v. *City*

*of Chicago,* 238 id. 146.) The mere assignment of error or argument that a constitutional question is involved is insufficient. (*People* v. *Forsyth,* 339 Ill. 381.) The offense of which plaintiff in error was found guilty is a misdemeanor, and since no constitutional question was raised in the trial court this court is without jurisdiction to review the case by writ of error or direct appeal.

The cause is accordingly transferred to the Appellate Court for the First District.

*Cause transferred.*