(No. 22672.— )

THE FOREMAN-STATE NATIONAL BANK, Appellant, *vs.*
CHARLES A. SISTEK *et al.* Appellees.

*Opinion filed December 19, 1934.*

ROBERT L. WRIGHT, for appellant.

BRYANT, ROBERTS, HWASS & LEWE, and ALEXANDER W.
JAMIESON, (JOHN M. BRYANT, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This litigation originated as an action on the case
brought in the superior court of Cook county by the ap-
pellant, the Foreman-State National Bank, against Charles
A. Sistek and eleven others, to recover damages alleged to
have been sustained by reason of the making of certain
representations to the bank, claimed to have been false, in

connection with the procuring of a loan by the Elston Securities Corporation, of which the defendants were directors and Sistek president. On a trial before a jury in the court below a verdict was returned for $10,000 against all the defendants. This verdict was returned on February 23, 1934, but on April 13, 1934, the presiding judge disregarded it and entered judgment in favor of all the defendants. The appeal from that judgment is direct to this court, it being claimed that its entry violated the appellant's right to a trial by jury as guaranteed by the Illinois constitution, and further violated its right to due process of law under the Federal constitution.

The declaration in the case consisted of four counts charging fraud and deceit and one count charging willful and wanton conduct. Issues were joined upon pleas of the general issue by all of the defendants and a plea of the five-year Statute of Limitations by one of them. A *similiter* was filed to the pleas and replication to the plea of the five-year statute, and upon the same day a jury was impaneled to try the issues. The case went to the jury on February 21, 1934, under instructions to render separate verdicts, and the verdict of guilty on count 3 (the negligence count) was returned against all twelve of the defendants, with damages assessed at $10,000, as above stated. Part of the defendants were found not guilty on the willful and wanton count, and that count was dismissed as to the other defendants. There was also a verdict of not guilty as to defendant Sistek under the second count, charging fraud and deceit, and that count was dismissed as to all of the defendants. These verdicts were recorded by the clerk but no judgment was entered upon them. On March 10, 1934, a judgment for all of the defendants was entered by the court and was later vacated and set aside by an order of March 17, 1934. Thereafter, on April 13, 1934, the judgment which was appealed from was entered. The court entered the final judgment in the following words:

"On this day again come the parties to this suit by their attorneys respectively. And now this cause coming on to be heard upon the motion heretofore entered herein by the defendants at the close of all of the evidence for the court to instruct the jury to find all of the defendants not guilty, which was at that time refused by the court, the court reserving unto himself the right to reconsider said motion for a directed verdict in favor of all of the defendants and reserving his decision thereon until after the verdict of the jury, and the said motion for a directed verdict in favor of all of the defendants now coming on for reconsideration by the court for further hearing after verdict of the jury heretofore rendered in this cause, and the court now here, after hearing all of the evidence adduced, the arguments of counsel and being fully advised in the premises, said motion for a directed verdict in behalf of all of the defendants is sustained, and the court finds the defendants, Charles A. Sistek, Max H. Boysen, Frank Mueller, Joseph Chobot, Roger C. Wittenberg, Israel Zwick, Alois Urbanec, Charles Holub, S. Robitschek, E. T. Carlson, M. E. McGivern and Philip J. Finnegan, not guilty, notwithstanding the verdict of the jury heretofore impaneled in this cause to which the plaintiff excepts. It is therefore ordered that judgment be and the same is hereby rendered upon the finding of the court in favor of the defendants and against the plaintiff, and it is further ordered that the plaintiff, Foreman-State National Bank, a corporation, take nothing by its aforesaid action, but that the defendants, Charles A. Sistek, Max H. Boysen, Frank Mueller, Joseph Chobot, Roger C. Wittenberg, Israel Zwick, Alois Urbanec, Charles Holub, S. Robitschek, E. T. Carlson, M. E. McGivern and Philip J. Finnegan, go hence without day and do have and recover of and from the plaintiff their costs and charges in this behalf expended and have execution therefor."

During the trial, and after the defendants had rested, a written motion for a directed verdict for the defendants

was made on behalf of all but one of them. This defendant, whose attorney had withdrawn before the trial, did not appear to be named in the motion or in the instruction submitted with it. The court reserved decision on this motion under section 68 (par. 3a) of the Civil Practice act. No motion for a new trial appears to have been made and there is in the record no bill of exceptions, so we are confined to the common law record alone upon this review.

It is the contention of the appellant that the sole question for our determination is whether the trial court erred in making a general finding of not guilty in favor of all of the defendants and entering judgment for them on that finding notwithstanding the verdict of the jury, and its further contention that the plaintiff is entitled to have judgment entered in this court on the verdict as against all twelve defendants in the sum of $10,000. The appellant's brief on this point is divided into two parts, arguing, first, that the judgment violated its right to a trial by jury as guaranteed by the constitution of Illinois, it being contended that it was entered upon "a finding" made by the trial judge, which he had no right to make. The second contention of the appellant is that the judgment, notwithstanding the verdict, violated the plaintiff's right to due process of law as guaranteed by both the State and Federal constitutions, because it was not entered upon a motion in writing specifying the grounds therefor, as provided by the Civil Practice act and the rules of the superior court of Cook county. The appellees contend that this court has no jurisdiction; that no constitutional question was raised in the lower court and that none is assigned in this court; that there is no constitutional question at all involved in the case, and that if there were one the appellant was not deprived of any constitutional right to a jury trial.

The appellant's thirty-nine assignments of error amount to but three in effect. Assignments numbered 1 to 13, inclusive, question the right of the trial court to find each of

the twelve defendants, and all of them jointly, not guilty notwithstanding the verdict. Assignments 14 to 26, inclusive, question the right of the court to enter judgment on that finding in favor of each of the twelve defendants and all of the defendants jointly, and assignments 27 to 39, inclusive, charge that the court should have entered judgment against each of the twelve defendants, and all of the defendants jointly, on the $10,000 jury verdict. There is no assignment of error which refers in any manner to any constitutional question, either State or Federal.

It is the contention of the appellees that errors not assigned will not be considered; that this court has no jurisdiction because no constitutional question was raised in the lower court; that there is no constitutional question involved in the case and that 'the appellant was not deprived of any constitutional right to a jury trial. As above pointed out, none of the assignments of error touch a constitutional question, and the only thing in the record which may be said to approach that point is the following extract from the certificate of the trial judge: "I hereby certify that the foregoing is a correct report of all of the proceedings of the trial of said cause subsequent to the close of the taking of testimony therein. It is further certified that on April 13, 1934, counsel for the plaintiff, and appellant herein, objected to the entry of the final judgment entered upon said date upon the following constitutional grounds: (1) That said judgment violated the plaintiff's right to a trial by jury as guaranteed by the constitution of the State of Illinois; (2) that said judgment violated the constitutional provision of the State and Federal constitutions guaranteeing to the plaintiff due process of law."

The foregoing objections of the appellant were only to the entry of the judgment, and a claim that it violated the plaintiff's right to trial by jury under the State constitution and the due process clause of the State and Federal constitutions. Before this court will take jurisdiction on

the ground that a constitutional question is involved it must appear from the record that a fairly debatable constitutional question was urged in the lower court, the ruling on it preserved in the record for review and the error assigned upon it here. (*Cooper* v. *Palais Royal Theater Co.* 320 Ill. 41.) The question presented to the court by the appellant's objection to the entry of the final judgment necessarily depended upon the correctness of the court's ruling on the motion for a directed verdict. The correctness of the court's ruling on that point cannot be reviewed by us for three reasons: First, because there is nothing in the record to show that any constitutional question was raised in connection with that motion when made; second, because there is no assignment of error questioning any action of the trial court in connection therewith; and third, because the evidence taken at the trial was not preserved, and the ruling of the court must therefore be presumed to have been correct.

In *Mallers* v. *Whittier Machine Co.* 170 Ill. 434, the only question of law sought to be presented was whether the court erred in directing the jury to return a certain verdict. In that case we held that it was clearly competent and proper to so direct the jury in the absence of evidence tending to support the grounds of defense. There being in that case, as in this one, no bill of exceptions, we held that in its absence the presumption would be that the action of the trial court was proper and justified by the state of the proof.

In *Albrecht* v. *Omphghent Township,* 324 Ill. 200, we passed upon a question very similar to the one here involved. In that case it was urged that the trial court erred in dismissing the case because of a former adjudication, and it was argued that this action of the court deprived the appellant of property without due process of law. In the course of the opinion we said: "A constitutional question is not involved, within the meaning of the Practice act,

so as to confer jurisdiction on this court of an appeal or writ of error direct from the trial court, where the judgment or decree of the court is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as the taking of property without due process of law, etc. The question involved in such case is the validity of the judgment or decree and not a constitutional question within the meaning of the statute authorizing appeals or writs of error direct to this court. * * * Appellant's insistence that he has been deprived of his property without due process of law is based upon his contention that the court erroneously instructed the jury to find for the defendant because of a former adjudication. His real and only complaint is that the court erred in so instructing the jury."

In the case of *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316, the same constitutional question was attempted to be raised, and we said: "The trial of the cause was conducted according to the legal and usual method of procedure in actions on the case, and the judgment rendered by the court on such a trial is the result of due process of law, however erroneous or unjust the decision may be, if the trial court had jurisdiction to enter the judgment which it did enter. The constitutional requirement of due process of law is not a guaranty that the court shall not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed or erroneous or unjust decisions are rendered they may be corrected in the manner provided by law for the correction of such errors, but mere error in a judgment or decree does not deprive the losing party of the benefit of due process of law."

In the present case the real objection of the appellant is that the court erred in granting the motion for a directed verdict. The trial of this case was admittedly con-

ducted in the usual manner of such trials, and if there was any error it was one which could be corrected upon appeal or writ of error to the Appellate Court.

Our decision on this point renders it unnecessary for us to consider other arguments and alleged errors.

We are of the opinion that no constitutional question was raised, preserved of record or assigned as error, and that this court is therefore without jurisdiction. The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*