(No. 22812.—)

THE CITY OF CHICAGO, Appellee, *vs.* CHARLES PETERSON, Appellant.

*Opinion filed April 17, 1935.*

SHAW, J., specially concurring.

Russell, Murphy, Curran & Pearson, (Walter Wm. Pearson, of counsel,) for appellant.

William H. Sexton, Corporation Counsel, (Otto F. Weiner, and William V. Daly, of counsel,) for appellee.

Mr. Justice Orr delivered the opinion of the court:

Charles Peterson, a dealer in used tires, was found guilty and fined in the municipal court of Chicago for failure to have a second-hand dealer's license, as required by ordinance. The case was appealed here on the certificate of the trial judge that the validity of a municipal ordinance was involved and that in his opinion the public interest required a direct appeal to this court.

Motions were made in this court by appellee that the appeal be dismissed because written assignments of error were not attached to the record on review, or, in the alternative, that a rule be entered upon appellant to assign errors and that the cause be transferred to the Appellate Court. These motions were taken with the case. The motion to dismiss is denied, as we find certain "errors relied on for reversal" stated in appellant's brief. While this statement of errors relied on is insufficient to confer jurisdiction upon this court, as we shall hereafter show, it nevertheless is an attempt to comply with rule 39 of this court, and as such is sufficient to prevent a dismissal of the appeal.

The motion to transfer the cause to the Appellate Court will be allowed, as the so-called assignment of errors in appellant's brief contains no question which invokes the jurisdiction of this court. It is alleged that the ordinance is "invalid, void and unconstitutional;" that the trial court "erred in not allowing the defendant's motion for a new trial on the same grounds;" that the city council "had no

legislative authority to pass the ordinance in question, and that the ordinance deprives defendant of the use of property without due *powers* of law and is unreasonable and confiscatory." We have repeatedly held that a mere allegation in a pleading or an assignment of error that a law is unconstitutional is insufficient to confer jurisdiction upon this court by direct appeal unless it can be seen that the question may be fairly regarded as debatable. (*People* v. *Jiras,* 340 Ill. 208; *Wilson* v. *Prochnow,* 354 id. 98; *People* v. *Allen,* 352 id. 262.) It is not enough to give us jurisdiction to simply declare that an ordinance deprives one of property without due process of law, for if that were the law, every conviction for violation of an ordinance might be appealed directly to this court upon the simple statement of counsel, however absurd that assertion might be. (*Dean* v. *Northern Trust Co.* 259 Ill. 148.) Due process of law has repeatedly been held to be an orderly proceeding wherein a person is served with notice and has an opportunity to be heard and to enforce and protect his rights before a tribunal having power to hear and determine the case. The fact that the judgment is distasteful to one party or that the court may have erred in entering it, is not a denial of due process of law if the requirements above stated have been met. (*Valerius* v. *People,* 342 Ill. 147; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413; *Rabbitt* v. *Weber & Co.* 297 id. 491.) We cannot take jurisdiction upon the mere statement of counsel, in vague or general language, that a constitutional right is infringed, (*Hawkins* v. *Hawkins,* 350 Ill. 227; *Will* v. *Voliva,* 344 id. 510;) as it is not the duty of the court to search the constitution to discover some basis on which jurisdiction to entertain the proceedings can be sustained. *Iles* v. *Heidenreich,* 271 Ill. 480; *People* v. *City of Chicago,* 238 id. 146; *People* v. *Davies,* 350 id. 48.

An examination of appellant's brief further shows that only a construction, and not the validity, of an ordinance

is involved in this appeal. He questions only the application of the ordinance to his particular business, dealing in one article, rather than its validity as applied generally to all second-hand dealers. He thus presents no question which would give this court jurisdiction, as the certificate of the trial court is not alone sufficient to give this court jurisdiction if the validity of a municipal ordinance is not in fact involved. *City of Chicago* v. *Hagley*, 329 Ill. 635; *Stevens Hotel Co.* v. *Art Institute*, 342 id. 180; *Sheridan, etc. Building Corp.* v. *Daane*, 348 id. 306.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.