City of Chicago, Appellee, v. Charles Peterson, Appellant.

Gen. No. 38,284.

Opinion filed November 12, 1935.   Rehearing denied November 26, 1935.

RUSSELL, MURPHY, CURRAN & PEARSON, of Chicago, for appellant; WALTER WM. PEARSON, of counsel.

WILLIAM H. SEXTON, Corporation Counsel, for appellee; OTTO F. WEINER and WILLIAM V. DALY, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Defendant, a dealer in used tires, was found guilty and fined $100 for failure to have a second-hand dealer's license as required by section 3685 of the revised Chicago Code of 1931. The case was taken directly to the Supreme Court on the certificate of the trial judge that the validity of a municipal ordinance was

involved, the public interest requiring a direct appeal. The Supreme Court was of a contrary opinion, holding that only a construction and not the validity of an ordinance was involved, and the case was therefore transferred to this court. *City of Chicago v. Peterson,* 360 Ill. 177.

Is the ordinance applicable to the business of buying and selling used automobile tires in the city of Chicago? The case was tried upon a stipulation of facts. Defendant not only dealt in used automobile tires but also sold and offered for sale some new tires, but this was incidental to his used tire business. There was no other type of merchandise sold by him. He had no license to operate this business. Section 3685 makes it unlawful for any person, firm or corporation to maintain a second-hand store without first obtaining a license therefor.

Section 95 of article 5 of the Cities and Villages Act [Cahill's 1933 St. ch. 24, ¶ 65 (95)] delegated to the city of Chicago power "To tax, license and regulate second-hand and junk stores and yards." Defendant argues that the words "second-hand and junk stores" are classed together in a manner indicating that the legislature had in mind second-hand stores in the nature of junk stores and that one who deals in second-hand automobile tires cannot be termed a junk dealer. Defendant cites *City of Duluth v. Bloom,* 55 Minn. 97, where the question was whether or not a store dealing in new and second-hand furniture came within the terms of a similar ordinance which required a license. It was there said that the word junk was of nautical origin, originally meaning old or condemned cable and cordage; that afterward the word meant worn out or discarded material in general that still may be turned to some use, like old rope, chain, parts of machinery, etc. The plaintiff properly notes that a dealer in second-hand furniture cannot be regarded as a dealer in

junk, as often such furniture is more valuable than new. An article of furniture cannot be regarded as junk merely because it is old.

*City of Chicago v. Reinschreiber,* 121 Ill. App. 114, involved a dealer in bottles both new and used, in about equal amounts. It was held that no license was required, as used bottles are in no way distinguishable from bottles that are new. It can hardly be claimed that old used tires are as good as new ones. The same reasoning was applied to an ordinary book store which sold some second-hand books. *Eastman v. City of Chicago,* 79 Ill. 178. It was held that a second-hand book was just as useful as a new book. In *City of Chicago v. Moore,* 351 Ill. 510, it was said that ''second-hand and junk stores are classed together in a manner indicating that the general assembly had in mind only second-hand stores carrying on a business similar to that carried on by junk stores, where inducements are liable to be held out to minors to steal articles in order to sell them at such stores.'' It is a matter of common knowledge that used tires are frequently stolen and sold. Old and worn out tires are in the nature of junk and probably have only the value of the rubber contained. But spare tires in good condition are frequently stolen and a second-hand store that purchases such articles needs regulation.

Section 3684 of the ordinance defines a second-hand store as any building, place or premises where used or second-hand fixtures, motors, motor vehicles, motorcycles, apparatus, ''or any other second-hand goods, wares, merchandise or commodities are sold, offered for sale, exchanged, bartered or kept with the intention of selling, bartering or exchanging.''

By section 3690 it is provided that records of such purchases, sales and exchanges shall be kept which shall record, among other things, the ''tire numbers (including extra tire numbers)'' and also all marks of identification on automobile parts, including ''tires.''

We are of the opinion that the ordinance is applicable to the business of defendant as a dealer in second-hand automobile tires, and as it is conceded that he had no license as required by the ordinance the judgment is proper and is affirmed.

*Affirmed.*

MATCHETT, J., and O'CONNOR, J., concur.