(No. 24409.—)

ANNE O'CONNOR *et al.* Appellees, *vs.* FRANK C. RATHJE, Successor Trustee, Appellant.

*Opinion filed December 22, 1937—Rehearing denied Feb. 9, 1938.*

LORD, LLOYD & BISSELL, and LEVINSON, BECKER, PEEBLES & SWIREN, (CURT H. G. HEINFELDEN, BENJAMIN V. DECKER, and DON M. PEEBLES, of counsel,) for appellant.

JACOB STAGMAN, (JAMES C. O'BRIEN, JR., and THOMAS J. O'MALLEY, JR., of counsel,) for appellee Anne O'Connor.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Anne O'Connor, instituted an action under article 6 of the Liquor Control law, generally referred to as the Dram Shop act, (Ill. Rev. Stat. 1937, p. 1377,)

against Frank C. Rathje, as successor trustee, as the owner of a certain building located at 3439 to 3447½ West Madison street in Chicago. Defendant James A. Murphy, the tenant in possession, and another defendant, Frank McGovern, his business partner, operated a tavern in a portion of the premises where they sold intoxicating liquor. The fourth amended complaint charged that Joseph O'Connor, son of the plaintiff, was killed, while in the tavern, by one Richard Rogers who was intoxicated by reason of the consumption of liquor sold to him at the described location. A jury trial resulted in a verdict in favor of plaintiff. The court ordered a substantial *remittitur* and entered judgment on the verdict, as decreased. Rathje (hereinafter referred to as the defendant) has prosecuted an appeal directly to this court on the ground that the constitutionality of a statute is involved.

The initial question naturally presenting itself for consideration is whether a constitutional question can fairly be said to be involved. Various sections of the Dram Shop act have been before this court on different occasions and, without exception, their validity has been upheld adversely to the contentions advanced. (*Garrity* v. *Eiger,* 272 Ill. 127, affirmed, 246 U. S. 97; *Wall* v. *Allen,* 244 id. 456.) Where a constitutional question has previously been settled by this court a direct appeal for the purpose of again raising the same question will not be entertained. *People* v. *Blenz,* 317 Ill. 639.

It is again urged, in this proceeding, that section 14 of the Dram Shop act violates section 2 of article 2 of our State constitution, and, further, contravenes the fourteenth amendment to the Federal constitution. Section 2 of article 2 of the Illinois constitution of 1870 guarantees that no person shall be deprived of life, liberty or property without due process of law. The guaranty of due process of law, as comprehensively defined by this court in *People* v. *Nies-*

*man,* 356 Ill. 322, "requires that every man shall have the protection of his day in court and the benefit of the general law,—a law which hears before it condemns, which proceeds not arbitrarily or capriciously but upon inquiry and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. [Citing cases.] An orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law.—*City of Chicago* v. *Cohn,* 326 Ill. 372."

In the case before us there was service of summons and an appearance by the defendant, a trial in which he participated, a verdict followed by a *remittitur,* and judgment on the reduced verdict. No constitutional issue was raised during the course of the proceeding but, for the first time, on a motion for judgment *non obstante veredicto.* Waiving plaintiff's contention that the defendant is precluded by reason of the fact the question was not presented to the trial court at the earliest opportunity, we are, nevertheless, of the opinion that no new issue with respect to the due process clause of the State constitution has been advanced. The same question was fairly before this court in *Garrity* v. *Eiger, supra,* and there the contention based on section 2 of article 2 of the constitution was decided against the property owner. Moreover, a constitutional question is not involved, so as to give this court jurisdiction of a direct appeal where the judgment or decree is attacked on the ground that its enforcement will deprive the person against whom enforcement is sought of his property without due process of law. (*Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316.) The question in such case is merely the validity of the judgment or decree. *De La Cour* v. *De La Cour,* 363 Ill. 545.

Section 1 of the fourteenth amendment to the constitution of the United States declares that no State shall make or enforce any law which shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. The application of this constitutional provision to the Dram Shop act has been before this court and the Supreme Court of the United States on numerous occasions. The right to deal in or with intoxicating liquors has not been a right inherent in the citizens but has always been subject to the control of the State in the legitimate exercise of its police power. In *Crane* v. *Campbell*, 245 U. S. 305, the United States Supreme Court said: "It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a State has power absolutely to prohibit manufacture, gift, purchase, sale or transportation of intoxicating liquors within its borders without violating the guarantees of the fourteenth amendment. [Citing cases.] As the State has power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective."

The Dram Shop law was enacted pursuant to the police power of the State. It was pointed out in *Barbier* v. *Connolly*, 113 U. S. 27, that neither the fourteenth amendment nor any other amendment to the Federal constitution was designed to interfere with the power to prescribe regulations to promote the health, peace, morals, education and good order of the people. Legislation respecting the liquor traffic does not come within the fourteenth amendment unless it is apparent that its real object is not to protect the community or to promote the general well-being but under the guise of police regulation to deprive the owner of his liberty or property without due process of law. In the case of *Garrity* v. *Eiger, supra,* referring to the relation of the liquor

traffic to the police power, this court observed: "Anyone entering into the business or leasing his property for it must necessarily accept and agree to be bound by the provisions of the law designed to mitigate the evils of the traffic or to compensate for the damages done by it. Intoxicating liquor cannot be sold without a place in which the business is conducted, and the owner who furnishes premises necessary to the carrying on of the business is an actual participant in it."

Defendant insists, however, that the Dram Shop act, inasmuch as it contains no limitation as to the amount of recovery, is in conflict with the Injuries act where the limitation, in case of death, is fixed at $10,000. To support his contention that the former law is unconstitutional and void defendant argues that the supposed classification is obnoxious to the equal protection of the laws guaranty of the fourteenth amendment. At the common law there was no right of recovery after the death of an injured person. The cause of action perished concurrently with the death of the injured party. The Injuries act and the Dram Shop act are not only separate and distinct but are based upon different powers of the commonwealth. (*Hackett* v. *Smelsley,* 77 Ill. 109.) The provisions for damages are different, it is true, but the rights created by the respective statutes do not rest upon the same basis.

As we stated in the beginning, this act has been subject to numerous attacks based upon its constitutionality. This court and the United States Supreme Court have too frequently held that statutory provisions identical with or analogous to section 14 of the Dram Shop act do not contravene the fourteenth amendment to now permit of its assailability.

For the reason that the question of the constitutionality of section 14 of the Dram Shop act is not involved in this appeal, the cause must be transferred to the Appellate Court for the First District. *Cause transferred.*