(No. 24956.— )

THE ECONOMY DAIRY COMPANY, Appellant, *vs.* OTTO
KERNER *et al.* Appellees.

*Opinion filed April 14, 1939.*

GREEN, COSTIGAN & WINES, for appellant.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S.
WINNING, of counsel,) for appellees.

Mr. Justice Wilson delivered the opinion of the court:

The plaintiff, the Economy Dairy Company, a domestic corporation, engaged in the processing and sale of milk at retail, filed a complaint in the circuit court of Sangamon county against Otto Kerner, individually, and as Attorney General of the State, and Albert C. Baxter, individually, and as acting director of the Department of Public Health. By its complaint consisting of two counts, one in equity and the other at law, plaintiff sought an injunction to restrain the defendants and their subordinates from instituting civil and criminal proceedings against it for alleged violations of the act in relation to the pasteurization of milk, (Ill. Rev. Stat. 1937, chap. 56½, p. 1698,) and a writ of *mandamus* to compel defendant Baxter to issue a certificate of approval of its plant and business conformably to section 2 of the statute. The defendants interposed an answer to the complaint. Evidence was heard and an order was entered denying relief to plaintiff. This appeal followed.

Section 75 of the Civil Practice act, so far as material here, provides that appeals shall be taken directly to this court in all cases in which the validity of a statute or a construction of the constitution is involved. In neither count of the complaint is the constitutionality of the Pasteurization act challenged. Nor does the complaint charge the infringement of any right guaranteed plaintiff by the basic law. Although the validity of a statute is not involved plaintiff insists that a construction of the constitution is involved. Its first point relied on for reversal is that the circuit court erroneously construed the Pasteurization act as prohibiting its mode of doing business. It next urges: "The court erred in holding that such construction did not render the act unconstitutional." Plaintiff does not, even now, charge that the construction of the Pasteurization act by the trial court violates any particular provision of either the Federal or State constitutions. Before this court will

take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Foreman-State Nat. Bank* v. *Sistek,* 358 Ill. 525; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44.) The mere assertion that a constitutional question is involved or that a constitutional right has been invaded is not sufficient, in the absence of other grounds, to confer jurisdiction, (*Hawkins* v. *Hawkins,* 350 Ill. 227,) as no duty rests upon the court to discover a basis on which jurisdiction to entertain the appeal can be sustained. (*City of Chicago* v. *Peterson,* 360 Ill. 177; *People* v. *Davies,* 350 id. 48; *Iles* v. *Heidenreich,* 271 id. 480; *People* v. *City of Chicago,* 238 id. 146.) A constitutional question is not presented, so as to give this court jurisdiction of a direct appeal, where a judgment or decree is assailed on the ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right. The question in such case is merely the validity of the judgment or decree. *O'Connor* v. *Rathje,* 368 Ill. 83; *De La Cour* v. *De La Cour,* 363 id. 545; *Genslinger* v. *New Illinois Athletic Club,* 332 id. 316; *Cooper* v. *Palais Royal Theatre Co. supra.*

Reliance on the amendment to the record cannot avail plaintiff. The amended report of trial proceedings discloses that plaintiff, in support of its construction of the Pasteurization act, argued that if the act "could be construed as prohibiting the mode in which the plaintiff operates its heating plant and sells its milk, such construction would render the act unconstitutional as an arbitrary and unwarranted discrimination against pasteurization plants operating in Illinois, but that no argument with respect to the constitutionality of the Illinois Pasteurization act was presented to the trial court except in support of plaintiff's

construction of said act." This amendment shows only that plaintiff, to support its complaint, invoked the familiar canon of statutory construction that where a statute is susceptible of two constructions, one of which renders it invalid and the other valid, the latter construction will be adopted if it can reasonably be done. (*Illinois Bell Telephone Co.* v. *Ames,* 364 Ill. 362.) As was pertinently observed in an analogous situation in *Cooper* v. *Palais Royal Theatre Co. supra:* "Appellant by this appeal is merely complaining that the decree should conform to a construction of the Mechanic's Lien act according to his theory of the constitutional limitations pointed out by him, and such a contention raises no constitutional question within the meaning of the Practice act."

For the reason that neither the validity of a statute nor a construction of the constitution is involved, the cause will be transferred to the Appellate Court for the Third District.

*Cause transferred.*