(No. 26800.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* O. C. MOE, Plaintiff in Error.

*Opinion filed November 18, 1942.*

RAY E. LANE, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

An information was filed in the county court of Cook county against O. C. Moe, the plaintiff in error, consisting of five counts, charging him with violation of section 24 of the Medical Practice Act. (Ill. Rev. Stat. 1941, chap. 91, par. 16i.) The plaintiff in error was tried in the county court of said county and found guilty by a jury. Motions for a new trial and in arrest of judgment were overruled and Moe was sentenced to pay a fine of $350 and committed to the county jail for sixty days.

The plaintiff in error made a motion to quash the information and each count thereof on the grounds that

they did not charge an offense. He also made a motion for a directed verdict which was denied. The plaintiff in error held himself out as a chiropractor and administered certain treatments to Lorraine Johnson, also known as Eleanor Nelson, an investigator for the State Department of Registration and Education, for which ·he received payment. The defendant did not testify or offer a license showing he was authorized to give treatments.

The counts in this information are strikingly similar in form to those in *People* v. *Shaver,* 367 Ill. 339, *People* v. *Spencer,* 369 id. 57, and *People* v. *Paderewski,* 373 id. 197, in all of which cases the information was held to be sufficient. The same objections were made in those cases and the same authorities cited to show that no crime was properly charged, and such contentions were denied. It would be merely repetition to restate what this court said in those cases.

The plaintiff in error has sued out a writ of error directly to this court on the grounds that constitutional questions are involved. Upon the trial of the issues a jury was impanelled consisting of twelve citizens, four of whom were women. A challenge to the jury array was made by the plaintiff in error, which challenge was denied. The record shows that the defendant exhausted his peremptory challenges and that the women appearing seated on such jury remained after all such challenges were used by the defendant.

The defendant contends that the inclusion of women on the jury is in violation of section 5 of article II of the constitution of the State of Illinois and the fourteenth amendment of the constitution of the United States. The constitutionality of the Women's Jury Act was presented and decided in this court in the case of *People ex rel. Denny* v. *Traeger,* 372 Ill. 11, long before the information was filed against the defendant in this case. It was there

held not only that the amendment to the Jury Commissioners Act, making women eligible for jury duty, was valid, but also that such legislation did not impair, abridge or deny the right of trial by jury as guaranteed by section 5 of article II of the constitution. This question was definitely and finally disposed of in that case.

It is also claimed by the plaintiff in error that the inclusion of women on a jury deprives him of due process of law in violation of section 2 of article II of the constitution of 1870 and in violation of the fourteenth amendment of the constitution of the United States. This specification, alleging an act of the court constituting denial of due process, is without merit and does not present a constitutional question in the case at bar in view of our decision in *People* v. *Traeger, supra.*

This court has frequently stated that before it will take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, was ruled upon, and the ruling thereon preserved in the record for review and assigned as error therein. A mere assertion that a constitutional question is involved or a constitutional right invaded is not in itself sufficient to confer jurisdiction on direct appeal. *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *Hawley Products Co.* v. *May,* 377 id. 506.

There being no fairly debatable constitutional question in this record which gives this court jurisdiction on direct review, the cause is therefore transferred to the Appellate Court, First District.

*Cause transferred.*