(No. 29847.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT E. BRICKEY, Plaintiff in Error.

*Opinion filed January 22, 1947.*

Homer English, and Chester Thomson, both of Bloomington, for plaintiff in error.

George F. Barrett, Attorney General, and Clifford N. Coolidge, State's Attorney, of Bloomington, (Joseph W. DePew, of Bloomington, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

An information in the county court of McLean county charged the defendant, Robert E. Brickey, with the offense of operating a common gaming house. The information also charged that, in 1944, defendant had pleaded guilty to keeping and operating a gaming house, and that judgment for $200 and costs was rendered against him. A jury found defendant guilty, as charged, and fixed his fine at $1000 and his term of incarceration at eighteen months and one day in the county jail. Motions for a new trial and in arrest of judgment were overruled, and judgment was rendered on the verdict. Defendant prosecutes this writ of error upon the theory that a constitutional question is involved, within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1945, chap. 110, par. 199.

Section 127 of division I of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 325,) ordains: "Whoever keeps a common gaming house, or in any building, booth, yard, garden, boat or float, by him or his agent used and occupied, procures or permits any persons to frequent or to come together to play for money or other valuable thing, at any game, or keeps or suffers to be kept any tables or other apparatus, for the purpose of playing at any game or sport, for money or any other valuable thing, or knowingly rents any such place for such purposes, shall, upon

conviction, for the first offense be fined not less than $100, and for the second offense be fined not less than $500, and be confined in the county jail not less than six months, and for the third offense shall be fined not less than $500, and be imprisoned in the penitentiary not less than two years, nor more than five years."

Defendant was charged with a second offense of keeping a common gaming house in violation of the quoted statutory provisions. Among the errors relied upon for reversal are (1) that the statute which forms the basis for the information is unconstitutional; (2) that the punishment sought to be inflicted is unconstitutional in that it is excessive and out of proportion to the offense alleged to have been committed, and (3) that the judgment entered on the verdict is in violation of the State and Federal constitutions and, also, the statutes of this State.

Before this court assumes jurisdiction of an appeal or a writ of error on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Jenisek* v. *Riggs*, 381 Ill. 290; *People* v. *Moe*, 381 Ill. 235; *Fore-Man-State Nat. Bank* v. *Sistek*, 358 Ill. 525.) The validity of a statute is involved so as to confer jurisdiction by direct appeal only where its constitutionality was the primary inquiry in the trial court. (*Northwestern Institute of Foot Surgery and Chiropody* v. *Thompson*, 386 Ill. 615; *Hawthorne Kennel Club* v. *Swanson*, 339 Ill. 220.) A mere assertion that a constitutional question is involved or a constitutional right invaded is not in itself sufficient to confer jurisdiction. (*People* v. *Moe*, 381 Ill. 235; *Economy Dairy Co.* v. *Kerner*, 371 Ill. 261; *People* v. *Calkins*, 291 Ill. 317.) In particular, the mere statement that a constitutional question is involved will not give this court jurisdiction to review a conviction of a misdemeanor,

as we do not search the constitution to discover some basis upon which jurisdiction to entertain the proceedings can be sustained. (*People* v. *Davies*, 350 Ill. 48.) Nor does the mere allegation in a pleading or an assignment of error that a statute is unconstitutional authorize a direct review by the Supreme Court. As pertinently observed in *People* v. *Jiras*, 340 Ill. 208: "The supposed constitutional questions referred to in the assignment of errors are frivolous. It is not enough to authorize a direct appeal to this court from a trial court merely to assign as error that a statute is unconstitutional, but the actual existence of a question in regard to the construction of the constitution which is fairly debatable is necessary to justify a direct appeal." Again, in *People* v. *Calkins*, 291 Ill. 317: "While it is said that this statute (Laws of 1915, p. 369,) is manifestly contrary to the constitution, contrary to the law of the land and contrary to due process of law, no attempt has been made to show us wherein the inconsistency consists and our unaided efforts have not enabled us to discover the inconsistency."

Recourse to the motion for a new trial discloses only the general statement as the thirteenth and last ground urged by defendant that the section of the statute under which the verdict was rendered against him is unconstitutional. The same statement appears as defendant's first error relied upon for a reversal. The grounds relevant to a constitutional question advanced in the motion in arrest of judgment are equally vague and general. Among the nineteen reasons assigned were that the statute forming the basis of the information is void and in contravention of the Federal and State constitutions; that the verdict sought to be enforced is excessive and in violation of the Federal and State constitutions; that on account of all the matters referred to in the motion, defendant was denied the equal protection of the laws and due process of law and a fair trial in contravention of section 2 of article II

of the constitution of this State and section 1 of the fourteenth amendment to the Federal constitution, and, finally, that the verdict and judgment transcend section 20 of division II of the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 600.) The statement that the verdict sought to be enforced is unconstitutional, because excessive, is followed by a parenthetical reference to section 11 of article II of our constitution. Similar statements appear in the second and seventh errors relied upon for reversal, both to the effect that the punishment inflicted is unconstitutional in that it is excessive and disproportionate to the offense charged to have been perpetrated and that, consequently, the judgment rendered on the verdict violates State and Federal constitutional guaranties. The punishment meted out to defendant by the jury is specifically authorized by the applicable provision of the Criminal Code. Accordingly, the contention that the verdict and judgment are excessive does not raise a constitutional question but, instead, questions of statutory construction. A punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law under which the punishment is imposed is subject to the objection. (*People* v. *Cary,* 321 Ill. 45; *People* v. *Elliott,* 272 Ill. 592.) In short, where a sentence is imposed within the limits of the statute, as here, no constitutional question with respect to the punishment being disproportionate can be involved by merely assailing the sentence. It is necessary to attack the law itself and show that it violates some specific provision of the State or Federal constitution in order to raise the question. (*People* v. *Cary,* 321 Ill. 45.) This, defendant has failed to do.

It cannot be said that the seventeenth reason assigned in support of the motion in arrest of judgment properly presented a constitutional question in the trial court. The statement that, on account of all the matters referred to in the preceding sixteen paragraphs, defendant was denied

the equal protection of the laws, due process of law, and a fair trial, presents merely a question of the correctness of the judgment and not a constitutional question. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) Section 14 of division XV of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 780½,) prescribes that writs of error in all criminal cases below the grade of felony shall issue from the Appellate Court. Where, however, the validity of a statute or a construction of the constitution is involved, such writs issue from the Supreme Court. (Ill. Rev. Stat. 1945, chap. 110, par. 199.) Even then, this court will entertain jurisdiction of a writ of error in a misdemeanor case only when the validity of a statute or a construction of the constitution has been presented to the trial court for decision. (*People* v. *Pointer,* 348 Ill. 277; *People* v. *Maffei,* 315 Ill. 226.) Defendant was found guilty of a misdemeanor. The objections to the validity of the statute upon which his conviction was predicated are general in the extreme, affording no legitimate basis for determining what constitutional questions, if any, were presented for decision.

It is true that, in a memorandum opinion disposing of the motion for a new trial, the trial judge stated that the first question presented was the constitutionality of the statute, as applied in this case. The question of the application of a statute does not present a constitutional question, however, but merely a construction of the statute. Another question stated to have been presented was whether the verdict rendered was legal. To sustain the conclusion that the verdict rendered was legal, the trial court relied upon and quoted at length from *Hankins* v. *People,* 106 Ill. 628. The case cited did not determine the constitutionality of the Gaming Act, but merely construed the statute upon a writ of error sued out of this court to the Appellate Court.

Construing the motion for a new trial, the motion in arrest of judgment, and the errors relied upon for a re-

versal most favorably to defendant, the questions presented go to the validity of the judgment, and do not present constitutional questions, within the meaning of the statute authorizing direct appeals to, or writs of error from, this court. *Chapralis* v. *City of Chicago,* 389 Ill. 269.

The cause is transferred to the Appellate Court for the Third District. *Cause transferred.*