(No. 29356.—

THE PEOPLE *ex rel.* Paysoff Tinkoff *et al.,* Appellants, *vs.* NORTHWESTERN UNIVERSITY *et al.,* Appellees.

*Opinion filed January 22, 1947.*

PAYSOFF TINKOFF, and PAYSOFF TINKOFF, JR., both of Chicago, *pro sese.*

SIDLEY, AUSTIN, BURGESS & HARPER, (JAMES F. OATES, JR., RALPH K. BALL, HOWARD P. ROBINSON, and MARY V. NEFF, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs-appellants, Paysoff Tinkoff, Sr., and his son Paysoff Tinkoff, Jr., filed *pro sese* in the circuit court of

Cook county a complaint seeking a writ of *mandamus* to compel Northwestern University and its president, Franklin Bliss Snyder, to admit Tinkoff, Jr., to be enrolled in the College of Liberal Arts of Northwestern University as a freshman at the semester commencing in September, 1945. On September 25, 1945, the trial court sustained a motion by defendants to strike the complaint and entered an order dismissing the cause. A motion to vacate this order was denied. Thereafter, but within thirty days following the final order of dismissal, plaintiffs sought to file an amended complaint, which motion was also denied. Plaintiffs bring a direct appeal to this court on the theory that a constitutional question is involved.

While defendants contend that no constitutional question was raised which would give this court jurisdiction on direct appeal, they concede, and the record so indicates, that plaintiffs did attempt to inject a constitutional question into the case by means of the amended complaint, which the trial court refused to grant leave to file. Whether the trial court erred in refusing to permit the filing of the amended complaint after final judgment, is a question of procedure. That action does not raise a constitutional question that was passed on adversely to the appellant, and unless the original complaint presented a · constitutional question which was passed upon by the trial court, no such question is presented here.

An examination of the complaint filed in the case discloses that no constitutional question was raised in the trial court. Indeed the plaintiffs do not specifically point out how the question was raised, but rather contend that by the trial court's action in dismissing their complaint they have been deprived of their right to liberty and the pursuit of happiness. This court has repeatedly held that a constitutional question is not presented, so as to give this court jurisdiction of a direct appeal, where a judgment or decree is assailed on the ground that its enforcement will deprive

the person against whom enforcement is sought of some constitutional right. The question in such case is merely the validity of the judgment or decree. *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *O'Connor* v. *Rathje,* 368 Ill. 83; *De La Cour* v. *De La Cour,* 363 Ill. 545.

Before this court will take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *City of Chicago* v. *Peterson,* 360 Ill. 177; *Foreman-State Nat. Bank* v. *Sistek,* 358 Ill. 525.) The question presented to this court by this appeal is whether the complaint stated a cause of action. This the court is without jurisdiction to review on direct appeal. The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*