(No. 29745.—

THE CITY OF CHICAGO, Appellee, *vs.* ARTHUR TERMINI-ELLO, Appellant.

*Opinion filed January 22, 1947.*

MAXIMILIAN J. ST. GEORGE, and ALBERT W. DILLING, both of Chicago, for appellant.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, A. A. PANTELIS, and HARRY A. ISEBERG, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a direct appeal from a judgment of the municipal court of Chicago entered upon a verdict of a jury finding

appellant guilty of violating subsection 1 of section 1 of chapter 193 of the Revised Code of 1939, as amended, of the ordinances of the city of Chicago, in that he "did make or aid in making an improper noise or diversion tending to a breach of the peace within the limits of the city [Chicago] in violation of" the above ordinance. The charge grew out of a meeting at a women's clubhouse in the city of Chicago where appellant was the speaker. A large crowd gathered inside the hall and a larger one outside. A great deal of confusion occurred at the hall, principally from outside the building.

Appellant argues here that the trial court should have directed a verdict of not guilty. He does not specifically contend that the ordinance is unconstitutional but argues that it was a violation of his rights under the constitution to charge him with violating it, and also says he did not violate it. His direct appeal to this court is apparently on the ground that a constitutional question is involved.

He was charged with violating an ordinance and the trial court sustained the verdict of guilty returned by the jury. Appellant complains either of an invalid ordinance or of the verdict finding him guilty of violating a valid ordinance. The trial court, in allowing an appeal to this court, filed no certificate that the validity of an ordinance is involved and that the public interest requires that an appeal be taken directly to this court. Where the validity of an ordinance is involved, subsection (1) of section 75 of the Civil Practice Act (Ill. Rev. Stat. 1945, chap. 110, par. 199(1),) requires such a certificate to confer jurisdiction on this court on direct appeal, in the absence of a *bona fide* constitutional question. Appellant's contention that he did not violate the ordinance presents, as the only question of law, the construction of the ordinance. Such a question may not be reviewed by this court on direct appeal.

Appellant argues that to charge him with a violation of this ordinance contravenes the due-process clause of the United States constitution and the constitution of this State. Those assignments of error do not raise a constitutional question which gives this court jurisdiction on direct appeal. Where a judgment is assailed on the ground that its enforcement will deprive the person, against whom enforcement is sought, of his property or liberty without due process of law, such ground does not give this court jurisdiction on direct appeal. (*De La Cour* v. *De La Cour,* 363 Ill. 545; *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316; *Paul* v. *Paul,* 278 Ill. 196.) The question so presented is the validity of the judgment and not a constitutional question. (*De La Cour* v. *De La Cour,* 363 Ill. 545; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.) It seems obvious that merely charging appellant with violation of an ordinance does not raise a constitutional question.

The municipal court had jurisdiction of the subject matter and of appellant, and possessed the power to render the judgment, and even though the judgment is erroneous, it did not deprive appellant of the benefit of the guaranty of due process of law. *City of Chicago* v. *Peterson,* 360 Ill. 177; *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316.

In the absence of a certificate of the trial court that the validity of a municipal ordinance is involved, this court does not have jurisdiction of this appeal. (Ill. Rev. Stat. 1945, chap. 110, par. 199, p. 2534.) The cause is therefore transferred to the Appellate Court for the First District.                    *Cause transferred.*