(No. 31854.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM M. ESTEP *et al.,* Plaintiffs in Error.

*Opinion filed March 22, 1951.*

DARROW, SMITH & CARLIN, of Chicago, (WILLIAM L. CARLIN, and LOUIS A. ROSENTHAL, of counsel,) for plaintiffs in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

William Estep and Dora Estep, his wife, seek by writ of error to reverse a judgment and sentence against them entered in the criminal court of Cook County. They, with others, were indicted on November 25, 1949, upon a charge of conspiracy. Counts 1, 2, 3 and 4 allege conspiracy to violate the Medical Practice Act. Count 5 alleges conspiracy to perpetrate a confidence game, and count 6 alleges conspiracy to obtain money under false pretenses. There was a trial by jury and they were found guilty in manner and form as charged in the indictment and were sentenced to imprisonment and to pay a fine of $2000 each.

Our jurisdiction to pass upon this writ has been challenged by the State and we shall first direct our attention to that matter. The acts complained of which it is alleged defendants conspired to perform are, in general, those prohibited by section 24 of the Medical Practice Act (Ill. Rev. Stat. 1949, chap. 91, par. 16i.) It is claimed by the Esteps that this act does not apply to what they did because section 37 of the same act provides: "This Act shall not apply to dentists, pharmacists, optometrists, or other persons lawfully carrying on their particular profession or business under any valid existing Act of this State regulatory thereof, nor to persons rendering gratuitous services in cases of emergency, nor to persons treating human ailments by prayer or spiritual means as an exercise or enjoyment of religious freedom." Their contention is that all treatments administered by them were by prayer or spiritual means as an exercise or enjoyment of religious freedom.

The record shows that certain physical instruments were used by the defendants for the benefit of their patients, one of which aided in determining the acid as well as the alkali content of the patient's body. Based upon the showing of an instrument known as an estemeter, the patient would be informed as to his need of certain vitamins if a deficiency were indicated. Another instrument used was known as a roto-ray which caused certain colored rays to pass from the air into water and which, it was claimed, changed the chemical content thereof and created atomic water which was given the patients to drink. Another machine known as a vita-ray dispensed electricity through certain pads into the body and was used in administering heat treatments.

During all treatments it is said the patient was requested to pray, and prayer was used by the attendant so that the will of the patient would be joined with the will of God at that time, and the patient was told that God alone cures disease and no man or remedy ever cured any ailment whatsoever. Further, that the healing of human ailments by a

Divine Healer, a Psycho-physician, which defendants held themselves out to be, is accomplished through prayer and spiritual means, and that any investigation of illness is to ascertain the condition of the life energy, atomic deficiency and vitamin deficiency of the body and is not a diagnosis of disease; that this is necessary in order to comply with God's laws of healing and that none of the methods used are represented as cures for disease, since God alone cures. Each patient signed an instrument stating his understanding to be in substance as above indicated, and that he understood he was to make a free-will contribution for the healing ministry of the Central Baptist Church of Chicago, Inc., and that all monies subsequently paid would be a like or similar contribution to this ministry. William Estep was pastor of that church. The foregoing facts show in a general way the nature of the case.

The Esteps were convicted of conspiracy, which is a misdemeanor. It is claimed by them, however, that constitutional questions are involved giving us jurisdiction and by their brief and argument they rely upon two of such. They say: "One constitutional question raised was freedom of religion, and the right to practice religion freely. The sole defense to the indictment was the claim to the exercise of their right guaranteed in the first and fourteenth amendments of the Federal Constitution and Art. 2, Par. 3 of the Illinois Constitution. The Medical Practice Act of Illinois, Chap. 91, Sec. 16 V, par. 37 (Ill. Rev. Statutes 1949), specifically exempts faith healing from the requirements of the Act *as a constitutional guarantee.*" They say further that the other constitutional question raised was denial of due process of law in the misconduct of the prosecuting attorney and in allowing an attorney for a Chicago newspaper to sit at the prosecutor's table and confer with the two prosecutors in aid of the prosecution.

In their motion to quash the indictment the Esteps challenged the validity of section 24 of the Medical Practice

Act, but have waived that point by their brief and argument. They rely upon section 37 of the act and ask the court to construe it as constituting a complete defense to the indictment. It is the construction and application of said section which is sought and not a construction of the constitution. That is not sufficient to give us jurisdiction on direct writ of error.

The question of the application of a statute does not present a constitutional question but merely a construction of the statute. (*Village of Riverside* v. *Kuhne,* 397 Ill. 108; *People* v. *Brickey,* 396 Ill. 140; *People* v. *Blenz,* 317 Ill. 639.) A mere assertion that a constitutional question is involved or a constitutional right invaded is not in itself sufficient to confer jurisdiction. *People* v. *Brickey,* 396 Ill. 140; *People* v. *Moe,* 381 Ill. 235; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.

Neither the motion for a new trial nor the one in arrest of judgment filed by the Esteps made any mention whatever of the validity of the statute, nor did either make any reference to the construction of the constitution. No assignment of error is made concerning the validity of any statute. Before the Supreme Court assumes jurisdiction of a writ of error on the ground that a constitutional question is involved it must appear from the record that a fairly debatable constitutional question was urged in the trial court, that the ruling on it was preserved in the record for review, and that error was assigned on it. (*People* v. *Brickey,* 396 Ill. 140; *People ex rel. Tinkoff* v. *Northwestern University,* 396 Ill. 233.) It seems obvious that merely charging the defendants with violation of a statute where the validity of the statute is not questioned does not raise a constitutional question. *City of Chicago* v. *Terminiello,* 396 Ill. 41.

It is argued by the Esteps that they were denied due process of law because of the remarks and conduct of the prosecuting attorney, and because an attorney not connected

with the State's Attorney's office was permitted to sit at the trial table, and confer with and aid the prosecutors. The trial consumed several days and much evidence was taken. Many objections were made to the remarks of the prosecutor, practically all of which were sustained by the court. The attorneys who may take part in the prosecution of a given case rests largely in the discretion of the trial court. Whether or not remarks of counsel, even though objection thereto be sustained, constitute error, can be determined by the Appellate Court. No case has been cited which holds that a litigant was denied due process of law because of remarks of counsel or because counsel was assisted by an outside attorney. The criminal court had jurisdiction of the subject matter and of the defendants, and possessed the power to render the judgment, and even though the judgment is erroneous it did not deprive the defendants of the benefit of the guaranty of due process of law. *City of Chicago* v. *Terminiello,* 396 Ill. 41; *City of Chicago* v. *Peterson,* 360 Ill. 177.

The constitutional requirement of due process is not a guaranty that courts will not commit error in the trial of causes or a guaranty against erroneous or unjust decisions by courts which have jurisdiction of the parties and the subject matter, and the constitutional question of due process of law is not involved where the question is the validity of the judgment. (*Baumgardner* v. *Boyer,* 384 Ill. 584.) While the *Baumgardner case* was not one of a criminal nature, the same principle of law is applicable here. Finding no constitutional question involved in the case, and there being no other question which affords this court jurisdiction, the cause will be transferred to the Appellate Court, First District.

*Cause transferred.*