(No. 17978.—Judgment affirmed.)
WILLIAM HUGHES, Appellant, *vs.* THE BOARD OF APPEALS OF THE CITY OF CHICAGO, Appellee.

*Opinion filed April 20, 1927.*

APPEALS AND ERRORS—*evidence in proceeding under Zoning law must be preserved by a bill of exceptions or stenographic report.* Section 81 of the Practice act, providing that in a civil proceeding, whether at common law or statutory, the evidence must be preserved by a bill of exceptions or stenographic report, applies to the evidence and proceedings in a *certiorari* proceeding in the circuit court under the Zoning law, as the provision of section 3 of the Zoning law for the taking of evidence by a referee and that his findings "shall constitute a part of the proceedings upon which the determination of the court shall be made" is only intended to broaden the field of investigation of the circuit court on *certiorari* and not to provide a different method of bringing into the record the evidence and rulings of the court.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

WOLFSOHN & FIREMAN, for appellant.

FRANCIS X. BUSCH, Corporation Counsel; BARNET HODES, and WILLIAM L. SULLIVAN, (ROY S. GASKILL, and W. ARNOLD AMBERG, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

On August 20, 1925, the commissioner of buildings of the city of Chicago revoked a permit which had been issued on July 28 to E. F. Tolbert to make alterations in a building at the northeast corner of Fifty-fifth street and Everett avenue. William Hughes, who was the real owner of the premises though the title was in Tolbert, who was his employee, appealed from the order of the commissioner to the board of appeals under the zoning ordinance of the city of Chicago, which entered its order on September 15 confirming the order of the commissioner. Hughes sued out of the circuit court a writ of *certiorari,* which the court upon a hearing quashed, affirming the order of the board of appeals. An appeal was allowed to this court, the judge certifying that the validity of the zoning ordinance of the city of Chicago is involved and the public interest requires that an appeal direct to the Supreme Court be allowed.

In the circuit court the cause was referred to Otto Kerner, a master in chancery of that court, as a referee, to take evidence and report it to the court with his findings of fact and conclusions of law. He made his report, to which objections were filed by the board of appeals, some of which were sustained and others overruled, and on April 10, 1926, his report as modified was filed in the circuit court. On July 16, 1926, the court entered the order from which this appeal is taken, as follows: "This cause now coming on to be heard upon the return of the respondent to the writ of *certiorari* heretofore issued in the above entitled cause, and upon a written stipulation of facts heretofore entered into by the parties hereto by their respective attorneys of record, and upon the report and supplemental report of Otto Kerner, to whom this cause was heretofore referred by an order of this court duly entered herein to take proofs herein and report his conclusions upon the issues of law and fact involved herein, and also upon the exceptions of the respondent to said report and supple-

mental report, and the court on due consideration thereof, and having heard the arguments of counsel for the respective parties, doth order that said exceptions to said report and to said supplemental report be and the same are hereby sustained. And the court being of the opinion that said return of said respondent is sufficient in law to bar the said action of said petitioner, it is therefore further ordered and adjudged that the finding, decision and order of said respondent as set forth in said return be and the same is hereby affirmed," etc.

The appellant does not argue the question of the invalidity of the zoning ordinance, but contends that, whether invalid on its face or not, it is unreasonable in its application to the locality in question and in its operation on the appellant's property. The appellee has made no argument on the merits of the case but contends that the record of the proceedings in the trial court is insufficient to present for consideration the errors complained of.

The transcript of the record certified by the clerk of the circuit court does not include a bill of exceptions but contains the report of the referee, including a transcript of the testimony of witnesses examined before him, the objections of the board of appeals to the referee's report, and his order sustaining objections 2, 11 and 14 and overruling all others and modifying his report. This report containing the documents mentioned was filed on April 10, 1926. The transcript certified by the clerk shows that there were also filed on April 10, 1926, a stipulation of fact signed by the attorneys in the cause and a copy of the Chicago zoning ordinance. These documents, however, are not stated to have been offered in evidence or referred to in the report of the referee, are not identified in any way as having been present before the referee or considered by him or as having been attached to his report. The transcript shows only that on April 10, 1926, a certain stipulation of fact was filed in the office of the clerk, and it is set out in words

and figures; that thereupon, on the same day, a certain master's report and testimony was filed, which is set out in words and figures; that thereupon, on the same day, certain exhibits were filed, which are set out in words and figures, among which is the Chicago zoning ordinance.

The appellee contends that the evidence and proceedings in a *certiorari* proceeding in the circuit court under the Zoning law do not become a part of the record and cannot be reviewed by an appellate tribunal unless they are preserved by a bill of exceptions or stenographic report. Such a proceeding is a civil cause, and section 81 of the Practice act contains the general rule applicable in such cases for the manner of preserving for review the rulings of a court upon the question submitted to it, that general rule being,— whether the proceeding is a special statutory one, as in this case, or a proceeding at common law,—that the evidence must be preserved by a bill of exceptions or stenographic report. (*People* v. *Illinois Merchants Trust Co.* 320 Ill. 365; *People* v. *Mills,* 247 id. 620; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 id. 595.) Section 3 of the Zoning law, as amended in 1923, provides that if it shall appear to the circuit court, upon the hearing on writ of *certiorari* to the board of appeals to review the decision of the board, "that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made." (Laws of 1923, p. 268.)

The appellant contends that by this language the statute provided that the master's report, and the evidence which he might report, became a part of the record in the case. This is not the meaning or effect of the language, which has no reference to the record of the circuit court but only

to the proceedings which shall be taken into consideration by the court in determining the cause.  In the hearing of a common law writ of *certiorari* the court cannot consider evidence.  Its investigation is confined to an examination of the record returned in compliance with the writ, to determine from it, alone, whether the proceedings of the tribunal whose order is the subject of review were within the jurisdiction of the tribunal and were regularly conducted.  In providing for the review of the order of a zoning board of appeals by means of a writ of *certiorari* the legislature saw fit to widen the field of review by the court so as to include not only questions of jurisdiction and regularity but also questions of fact, if the court should deem necessary for the proper disposition of the matter.  The clause, "which shall constitute a part of the proceedings upon which the determination of the court shall be made," does not mean "shall constitute a part of the record of the proceedings of the circuit court," but does mean, "shall constitute a part of the proceedings in connection with the return to the writ of *certiorari* upon which the determination shall be made."  The object of this provision was to broaden the field of investigation of the circuit court and not to provide a method of bringing into the record evidence and rulings of the court, not properly themselves a part of the record, in a manner different from that provided by the Practice act.

In the absence of a bill of exceptions no question arising on the evidence is presented, and since all the errors assigned and argued are based upon the evidence, the judgment is affirmed.                         *Judgment affirmed.*