(No. 29746.—

Luella C. Dube *et al.,* Appellants, *vs.* James P. Allman *et al.,* Appellees.

*Opinion filed March 19, 1947.*

John D. O'Connor, of Chicago, for appellants.

Barnet Hodes, Corporation Counsel, (J. Herzl Segal, and Herman Smith, of counsel,) all of Chicago, for appellees.

Mr. Justice Murphy delivered the opinion of the court:

The premises involved in this proceeding are owned by the appellant Luella Dube. Thomas J. Downes and others, doing business under the name of Dube Manufacturing Company, coappellants, are her lessees. The property is located in an area designated by a Chicago zoning ordinance as a manufacturing district. The uses permitted under the ordinance in such a district are "manufacturing, processing, packing, bottling and distributing of cement products; ice; ink; metal and metal products (excepting smelting by employment of cupola, snap riveting and processes used in bending and shaping which produces noises disturbing the peace and comfort of occupants of adjacent

premises;) * * *." The primary question is as to whether the uses to which the property is now devoted constitute a violation of the ordinance.

The case originated when several persons who reside in the immediate vicinity of the property made complaint against the owners to the commissioner of buildings of the city of Chicago. Such official had been designated by ordinance as the zoning enforcement officer. If such official made any record, the same is not shown. The first step shown is a notice of appeal signed by John M. Sheehan, in which it was stated that he was appealing from the commissioner to the board. The board of appeals assumed jurisdiction, heard evidence and found "that the processes used in bending, grinding, shaping and hammering of metals produces noises disturbing the peace and comfort of occupants of adjacent premises and that a violation of the zoning ordinance exists and is contemplated." The board ordered the commissioner of buildings to take action to abate the violation.

Pursuant to section 73-6 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1945, chap. 24, par. 73-6,) the owner of the property and her lessees petitioned the circuit court of Cook county for a writ of *certiorari*. The reasons stated in the petition in support of the alleged illegality of the board's decision were that the decision was unreasonable and arbitrary and amounts to the taking of petitioner's property without due process of law, that it is contrary to the evidence heard by the board, that there is no evidence to sustain the finding, that the use of the property is in no way injurious to the health, safety, comfort, morals and welfare, that the decision of the board is discriminatory, and that it is special legislation contrary to the State and Federal constitutions. It was further alleged that the zoning ordinance and statute as interpreted and applied by the board would result in the violation of the due-process clauses of both the State and Federal con-

stitutions. The prayer of the petition was granted and the board of appeals filed its return.

Section 73-6 provides that on a *certiorari* hearing prosecuted under the zoning provisions of the act, the court may take evidence either in open court or on reference to a referee and may reverse or affirm wholly or partly or may modify the decision brought up for review. In this case, additional evidence was heard on the court hearing and an order was entered sustaining the decision of the board of appeals and quashing the writ.

In *Hughes* v. *Board of Appeals,* 325 Ill. 109, it was held that the *certiorari* provisions of the zoning law indicated a legislative intent to broaden the field of inquiry when the matter was reviewed by a court and to include not only questions of jurisdiction and regularity reviewable in a common-law *certiorari* but also to include questions of fact. In *Park Ridge Fuel and Material Co.* v. *City of Park Ridge,* 335 Ill. 509, the hearing on *certiorari* was said to be a trial *de novo.* The action retains the characteristics of a *certiorari* proceeding and the record included in the return of the board of appeals is before the court as in the usual *certiorari* proceeding, but in its review the court is not restricted to the record of the administrative board as set forth in its return, and if the court finds that a proper disposition of the case demands more evidence than that shown in such return, then additional evidence may be heard. The return made by the board, and such additional evidence, constitutes the record which is to be reviewed. In such a review the court's power is statutory and its actions are circumscribed by the statute and cannot be extended to include any powers which it has by virtue of its general jurisdiction. *People ex rel. Nelson Brothers Storage Co.* v. *Fisher,* 373 Ill. 228; *Kudla* v. *Industrial Com.* 336 Ill. 279.

On the hearing before the board, three residents of the district, living in the immediate vicinity of the factory,

and the aldermen of that ward testified. The hearing was held on November 5, 1945, and the testimony of the witnesses as to the uses to which the premises were devoted and the noises created by operations thereon was limited to a period of about two years. The substance of their evidence was that appellants were using machines to bend and shape metals, using blowers, and that in such operations they created noises which disturbed the peace and quiet of the neighborhood and that it interfered with the rest and comfort of the people who resided in the immediate vicinity. The only witness appearing on behalf of the appellants was Thomas J. Downes, an attorney, and who was also interested in the factory. His statement made as counsel for the parties has been included in the board's return as evidence. So considered on this appeal, it appears from his testimony that the complaint first made to the commissioner of buildings was about September, 1944. That at that time appellants were making turrets for M-4 tanks, for use in the war effort and that some turrets were reconditioned at the plant. He stated that a part of such operations, although performed on the premises, were outside the factory building. ·His statement was that with the termination of the war such operations ceased and that, at the time of the hearing, the lessees were making fuel and water tanks and doing boiler repair work. The factory working hours were from 7:30 A.M. to 5:00 P.M. He testified in opposition to what the property owners had stated, that the company had not engaged in snap riveting but that in repairing the turrets they had snapped some rivets from them. In the course of the hearing, it developed from the statements of some of the objectors as well as the statement of Downes, that prior to the occupancy of the present lessees, the husband of the appellant Luella Dube had operated a factory on said premises for more than forty years. Little evidence was introduced before the board in reference to such prior use, but on the *certiorari*

hearing appellants' additional evidence pertained to that subject. During the remainder of that hearing and on this appeal the principal controversy is as to whether the present occupants were devoting the property to the same nonconforming use as the former owner, Mr. Dube.

Paragraph 2 of the zoning ordinance defines nonconforming use as a use which does not conform to the regulations applicable to the use district or the volume district in which the use is made. Section 19 provides that nonconforming use is any lawful use of property on the effective date of the ordinance which by virtue of its provisions is a nonconforming use and directs that the same will be permitted after the ordinance becomes effective.

It is stated in appellants' brief that the grounds for the direct appeal to this court are that appellants' rights have been violated by the enforcement of a zoning ordinance which is unconstitutional. In stating their several propositions of law on which they rely for reversal, it is said that the due-process clauses of the State and Federal constitution give them the right to continue the same use to which the property was devoted prior to the adoption of the ordinance. It is also said that the ordinance must be reasonable and nondiscriminatory and that a zoning ordinance cannot regulate a business which is not a nuisance *per se*. The primary question is as to whether the uses that appellants are making of the property at the present time are the same as the uses to which the property was devoted by the late Mr. Dube and, if so, whether the present lessees are entitled to the benefit of the provisions of the ordinance relating to nonconforming uses. Sections 2 and 19 concede the right by which a nonconforming use may be continued, so the question is one of fact as to whether the present use is the same as the prior one and, if so, the question of law as to whether the present lessees are entitled to continue operations as a nonconforming use.

Appellants' contention is that the ordinance as applied to the facts violates rights protected by the State and Federal constitutions, but such contention ignores the distinction made in the cases between the attacks on judgments which involve the construction of a constitutional provision and judgments where the attack is directed against the judgment and it is claimed that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, such as the taking of property without due process of law, etc. In the former a constitutional question is presented which gives this court jurisdiction on direct appeal. In the latter case no constitutional question is involved which authorizes a direct appeal. (*City of Chicago* v. *Terminiello,* 396 Ill. 41; *De La Cour* v. *De La Cour,* 363 Ill. 545; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.) The rule is that before the jurisdiction of this court attaches on the ground that a constitutional question is involved, it must appear from the record that the question is fairly debatable, that it was urged in the lower court, that the court ruled on it, and that such ruling is preserved in the record. (*Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44; *Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633.) None of the grounds incorporated in appellants' petition filed in the circuit court for a writ of *certiorari* included a constitutional question within the rules stated. A question as to the construction of an ordinance does not involve a constitutional question which supports a direct appeal. A review of the record restricted to the proper scope of inquiry does not raise a constitutional question to support the direct appeal.

There being no jurisdiction, the cause is transferred to the Appellate Court of the First District.

*Cause transferred.*