538

Luella C. Dube et al., Appellants, v. James P. Allman et al., Appellees.

Gen. No. 44,114.

Opinion filed February 25, 1948.   Rehearing denied March 25, 1948.
Released for publication March 25, 1948.

JOHN D. O'CONNOR, of Chicago, for appellants.

BARNET HODES, Corporation Counsel, for appellees; J. HERZL SEGAL, Head of Appeals and Review Division and HERMAN SMITH, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court,

Plaintiffs filed a petition for a writ of certiorari in the circuit court of Cook county to review an order entered by the zoning board of appeals of the City of Chicago which directed that the use of the premises

involved in this proceeding be abated. The circuit court affirmed the decision of the board of appeals and quashed the writ. Plaintiffs appealed directly to the Supreme Court of Illinois and there urged as grounds for reversal that the city zoning ordinance in question as applied to the facts of the instant case violates rights of plaintiffs protected by the State and Federal constitutions. The Supreme Court upon holding that none of the grounds stated in plaintiffs' petition for writ of certiorari included a constitutional question, transferred the cause to this court. *Dube v. Allman,* 396 Ill. 470.

Plaintiff Luella Dube is the present owner of the premises in controversy which are commonly known as 1244 East 73rd street, Chicago, and are located on the north side of 73rd street and adjoin the east side of the Illinois Central Railroad right-of-way. For about fifty years her husband Theophiloris Dube manufactured garbage burners, hot water boilers, and small boilers, and made boiler repairs on the premises. During this period he usually employed three men. On June 17, 1944, Theophiloris Dube and Luella, his wife, leased the premises to plaintiffs who went into immediate possession. After taking possession plaintiff lessees made gun turrets for M-4 army tanks and gun recoils until the summer of 1945. Thereafter they manufactured fuel tanks for Diesel locomotive engines and water tanks. Since plaintiff lessees have taken possession of the premises they have employed continuously about forty or fifty men.

Under section 12 of the Chicago zoning ordinances as amended December 3, 1942, the uses of the premises permitted under the ordinance are "manufacturing, processing, packing, bottling, and distributing of cement products; ice; ink; and metal products (excepting smelting by employment of cupola, snap riveting, and processes used in bending and shaping which produce noises disturbing the peace and comfort of occu-

pants of adjacent premises) ; . . . ." It is not disputed that under the city zoning ordinance the premises in question are located in a manufacturing district, and that under section 19 of the ordinance any lawful use of the property on the effective date of the ordinance which is a nonconforming use is permitted thereafter.

The question of fact presented is whether the present use by plaintiff lessees is the same as the prior use by Dube.

Residents of the area along 73rd street lying east of Kimbark avenue, which is the first intersecting street east of the premises, charge plaintiffs with violation of the foregoing ordinance as to the use of the premises. On September 25, 1945, John M. Sheehan and other residents in the neighborhood appealed to the zoning board of appeals from an adverse decision of the commissioner of buildings of the City of Chicago. Upon a hearing the board of appeals found "that the premises affected are located in a manufacturing district; that the processes used in bending, grinding, chipping and hammering of metals produce noises disturbing the peace and comfort of occupants of adjacent premises and that a violation of the zoning ordinance exists and is contemplated."

In the certiorari proceedings in the circuit court additional evidence was heard as to whether plaintiffs lessees' use of the premises was the same as it had been by Dube. From an examination of the record we think the evidence adduced before the board of appeals and the trial court clearly shows that immediately after the plaintiff lessees went into possession of the premises the operation and conduct of their business constituted a different nonconforming use; that the noises emanating from plaintiff lessees' plant disturb the peace and comfort of the residents in the vicinity, many of whom appeared as complaining witnesses, and that during the period Dube con-

ducted his business there no such disturbances as here complained of were made. Since the substance of the testimony of the witnesses who appeared before the board of appeals and at the certiorari hearing in the circuit court appears in the opinion of the Supreme Court (396 Ill. 470) it would serve no useful purpose to recite it again.

No doubt plaintiff lessees have a right to use the premises for a nonconforming use to the extent of the prior use by Dube. But, on the other hand, the city has the power to limit the extension of a nonconforming use. (*Mercer Lumber Co. v. Village of Glencoe*, 390 Ill. 138.)

For the reasons stated, the order sustaining the decision of the board of appeals and quashing the writ is affirmed.

*Affirmed.*

Kiley and Burke, JJ., concur.