(No. 30414.—

THE CITY OF CHICAGO, Appellee, *vs.* KREMA TRUCKING COMPANY, Appellant.

*Opinion filed November 18, 1948.*

McCarthy, Toomey & Reynolds, (Frank A. McCarthy, John E. Toomey, John J. Moran, and Joseph M. McCarthy, of counsel,) all of Chicago, for appellant.

Benjamin S. Adamowski, Corporation Counsel, (L. Louis Karton, David Lefkovits, and Herman Smith, of counsel,) all of Chicago, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

The appellant, Krema Trucking Company, a corporation, was subjected to a *quasi*-criminal action in the municipal court of Chicago, brought by the appellee, City of Chicago, against the corporation, charging a violation of the amendatory Chicago Zoning Ordinance of 1942. The case was tried before the court without a jury and appellant was found guilty and assessed a fine of $100 and costs. Motions to vacate the judgment, for a new trial and in arrest of judgment were overruled, and the court certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

The complaint charged a violation of section 194 A-10 of the Municipal Code of Chicago, in that defendant failed to discontinue the use of a vacant lot at 1737-59 North Larrabee Street, Chicago, for the parking of trucks and

trailers in a district zoned for business use under the said 1942 amendatory ordinance.

The defendant answered, alleging that the premises in question were used as a motor truck freight terminal and that such use was commercial prior to the effective date of the 1942 amendatory ordinance; that before the passage of the amendatory ordinance, the original ordinance in the district in which the premises are located, being the ordinance of 1923, classified said premises as commercial; that under this ordinance the use was lawful in a commercial zone and is therefore lawful under section 19 of the 1942 ordinance as a nonconforming use. The answer further alleges that the action is barred by a judgment rendered in a prior action against Joseph J. Krema, president of defendant corporation in 1946, and avers that if the 1942 ordinance is construed as preventing the continued use of the premises for the same purpose they were used prior to 1942, it is unconstitutional and void as depriving defendant of its property without due process of law.

There were three principal propositions presented: (1) That the 1942 amendatory zoning ordinance is unconstitutional and void as it affects the property in question and that the question was properly raised in the trial court; (2) that the use made of this property was lawful when commenced under the 1923 ordinance, and hence lawful as a nonconforming use under section 19 of the 1942 ordinance; (3) that the action is barred by the prior adjudication in the case of the City of Chicago v. Joseph Krema, tried in the municipal court of Chicago in 1946.

In the very inception of this case we are confronted with the difficult question as to whether or not there is disclosed by the record a debatable constitutional question which was properly raised, ruled on and preserved in the trial court in order to give this court jurisdiction.

It is contended by the defendant in this respect that the 1942 ordinance is unconstitutional and void as it per-

tains to its property, and under the rulings of the court below this court has jurisdiction on direct appeal. It is observed that the appeal is taken on a certificate of the trial judge that the validity of a municipal ordinance is involved and that public interest requires a direct appeal. A certificate that the validity of a municipal ordinance is involved so as to justify a direct appeal to this court is not effective if it is contrary to what is shown by the record. *Akouris* v. *Village of Oak Lawn,* 389 Ill. 582.

An examination of the pleadings here reveals that defendant was charged with parking trucks and trailers on this property in violation of section 194 A-10 of the Municipal Code, classifying the property as in a business district. The defendant in its answer does not deny that it made the use charged, nor claim that the use conforms to the uses permitted under the 1942 ordinance. The answer sets out as a defense that the use was lawful under the prior 1923 zoning ordinance and is therefore lawful under section 19 of the 1942 ordinance as a nonconforming use. In paragraph 14 of the answer, defendant states: "Defendant further contends that if the amendatory zoning ordinance of December, 1942, is construed by this court as attempting to prevent defendant from using his premises for the same purpose it was used prior to the effective date of the amendatory ordinance of 1942, it is unconstitutional and void because it contravenes Section 2 of article 2 of the State Constitution and the 14 Amendment to the Federal Constitution."

An analysis of this answer reveals that it does not attack the validity of the 1942 ordinance in whole, nor does it question the right of the city to classify the property here in question as in a business zone. The basis on which defendant urges that a constitutional question is involved is confined to the quoted paragraph 14 of its answer. An examination of the record reveals that the property was zoned as "commercial" under the 1923 ordinance and was

rezoned as "business" under the 1942 ordinance. There was no specific reference to motor truck freight terminals in the 1923 ordinance, but they are grouped with railroad and water freight terminals in the 1942 ordinance and assigned to manufacturing districts.

On the trial below it was contended by defendant that the property here in question was used as a motor truck freight terminal prior to the effective date of the 1942 ordinance, and that such use was lawful under the prior ordinance in a commercial district.

The record discloses that in 1935, defendant acquired a parcel of real estate at the northeast corner of Larrabee and Menomonee streets, and that after inquiry at the office of the city's building department as to whether that property could be lawfully used as a motor truck freight terminal, and being assured that it could, defendant commenced the operation of its terminal in 1936, which has continued since that date. In 1941, prior to the effective date of the 1942 ordinance, defendant acquired the property in question here, this property being located directly across Menomonee Street on the southeast corner of Larrabee and Menomonee streets. Defendant, in 1941, commenced to use this property for the parking of its trucks and trailers used in its freight business.

The evidence clearly shows that the use made of the tract was as an adjunct to the freight terminals and no other. The vehicles parked on the tract and the other articles placed there were shown to be properly used in the operation of the truck terminal as accumulated and as incidental to its operation. The evidence also discloses that the defendant's business consists only of the transportation of freight by motor vehicle.

The decisive question to be determined as presented by the pleadings and the evidence before the trial court is whether a motor truck freight terminal was a permitted use under the 1923 ordinance so as to entitle defendant

to continue that use under the 1942 ordinance as a lawful nonconforming use. A number of sections of the ordinance of 1923 were offered, but an examination of the record shows that the principal inquiry below was as to which provisions of the 1923 ordinance were applicable to the use made. It is specifically contended by the defendant that even though it should be held that it is entitled to continue the use shown, yet it is deprived of its property by section 19 of the 1942 ordinance on the basis of subparagraph 19(d) of such ordinance. Section 19 of the 1942 ordinance provides, so far as is necessary to be shown: "Section 19. Non-Conforming Uses. Any lawful use of property on the effective date of this ordinance, which by virtue of its provisions is a non-conforming use, is permitted after this ordinance becomes effective subject to the following limitations: * * * (d) The area of any lot or building actually devoted to a non-conforming use shall not be relocated or enlarged, excepting in a building which was arranged or designed for the non-conforming use to which it is devoted."

Defendant contends that it is deprived of the right to erect a building to house its equipment and other facilities necessary to its business and that this is an invasion of its constitutional rights to use its property. It is further contended that this question was raised by paragraph 14 of its answer and that it was presented to the court, ruled on and the ruling preserved, and that therefore the court has jurisdiction on this appeal.

Paragraph 14 of defendant's answer avers that the 1942 ordinance is unconstitutional and void "if * * * construed by this court as attempting to prevent defendant from using his premises for the same purpose it was used prior to the effective date of the amendatory ordinance of 1942." The record reveals that the defendant called the court's attention to this paragraph at the close of the trial and advised that it was relying on the prin-

ciples announced in *Phipps* v. *City of Chicago,* 339 Ill. 315, and *Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511. The question presented in the *Western Theological case* was whether it could lawfully erect buildings for a theological college on the property involved. The property had been purchased for the proposed college before the enactment of the ordinance in question, but no actual use of the property for that purpose had been commenced prior to its enactment. The question presented was whether the use might be made at all. The instant case is differentiated in that the use contended for was actually in operation and in its answer the defendant specifically relied on section 19 of the amendatory ordinance of 1942 to sustain its continued use. The *Western Theological Seminary case* presented an attack on the ordinance in its entirety. The defendant here in his answer attacks the amendatory ordinance of 1942, only if it is construed against him. The same reasoning would apply to the *Phipps case.*

In support of its contention that a constitutional question was properly raised defendant cites the case of *Dube* v. *Allman,* 396 Ill. 470. We find no support for the defendant's position in this case. The court there held a distinction is made between attacks on judgments which involve the construction of a constitutional provision and attacks directed against judgments the enforcement of which is claimed to deprive the one against whom the judgment is sought to be enforced of some constitutional right, and in the former cases a constitutional question is presented which gives the Supreme Court jurisdiction on direct appeal, but not in the latter. *City of Chicago* v. *Terminiello,* 396 Ill. 41; *De La Cour* v. *De La Cour,* 363 Ill. 545; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

The case of *Clarke* v. *Storchak,* 384 Ill. 564, is cited by defendant in support of the proposition that a constitutional question is involved, but an analysis of said case reveals

there was in that case a specific constitutional question presented which gave this court jurisdiction.

The appellee, the City of Chicago, contends that the defendant's answer did not raise a constitutional question but merely the construction of an ordinance, for the reason defendant did not attack the classification of its property or its business, nor did it attack the city's power to restrict the use of this property under the police power. We held in *Hunsley* v. *Aull,* 387 Ill. 520, that a defendant must apprise the opposite party of his claims and set them forth in his pleadings. Here, in paragraph 14 of its answer, defendant claims no more than the right to continue the use being made and made no claim of a right to alter or enlarge that use. The claim urged here that the defendant is deprived of the right to construct a building or otherwise enlarge its use is clearly outside the scope of the pleadings. An examination of the charge in the trial court discloses that its only effect was to question defendant's right to park trucks and trailers on the premises in question. Defendant's answer alleged, at most, that the use complained of was lawful under the 1923 ordinance and was therefore lawful under the 1942 ordinance as a nonconforming use. The validity of a statute is involved only where its constitutionality was the primary inquiry in the trial court, and even though a constitutional issue was raised in the trial court, if a final order was rendered on other issues no constitutional question is presented for review on appeal to this court. (*Grutzius* v. *Armour & Co.* 377 Ill. 447.) The only question raised by the pleadings and proceedings in the trial court was whether a motor truck freight terminal was a lawful use of the property under the 1923 ordinance so as to be permitted as a nonconforming use under the 1942 ordinance. That involved only a construction of the ordinances involved and does not constitute a basis for a direct appeal to this court. (*Dube* v. *Allman,* 396 Ill. 470.) The record not

disclosing a constitutional question properly raised below, the certificate of the trial judge is ineffective to sustain this direct appeal. *Akouris* v. *Village of Oak Lawn,* 389 Ill. 582.

It is clear we have no jurisdiction in this case and without such the other questions presented are not considered. The cause is therefore transferred to the Appellate Court for the First District.