(No. 34221.—

THE CITY OF WATSEKA, Appellant, *vs.* HAROLD WILSON, Appellee.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

PALLISSARD, FLEMING & ORAM, and BELL & SMITH, both of Watseka, for appellant.

HARRISON G. SHEARON, of Watseka, and FRED L. BRANDSTRADER, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An ordinance of the city of Watseka makes it unlawful "to operate or maintain" without a license any automatic vending machine for the sale of candy, peanuts, soft drinks, popcorn, gum, cigarettes, or other merchandise. Harold Wilson was employed by Leonard P. Leverich, doing business as Canteen Service Company, to service automatic vending machines owned by Leverich. He was arrested while servicing an unlicensed machine in Watseka and was found guilty and fined by a police magistrate. He appealed to the circuit court of Iroquois County. That court found him not guilty, and the city appeals directly to this court.

Jurisdiction of this court is sought to be sustained on the ground that a municipal ordinance is involved and the trial judge has certified that in his opinion the public interest requires a direct appeal. (Ill. Rev. Stat. 1955, chap. 110, par. 75.) In our opinion this court is without jurisdiction.

The trial judge filed two certificates. The first certified that "the constitutionality and validity of the ordinance involved was raised on the trial and fully argued by counsel on both sides and that the ordinance in so far as it applies to the defendant, Harold Wilson, is invalid." The second certificate identified the particular ordinance, certified that its validity was involved, and continued: "that this trial judge held said Municipal ordinance invalid as to all persons to whom it purported to apply, except the owners of said automatic vending machines; that the City of Watseka has indicated that it expects to prosecute an appeal from said decision; and that in my opinion the public interest requires that an appeal from my decision should be taken direct to the Supreme Court of Illinois."

Although the certificates are couched in terms of a decision as to the validity of the ordinance, it appears that what the court decided was that only the owners of the machines could be considered to "operate or maintain" them within the meaning of the ordinance. What appears from the face of the certificates is made unmistakable from

the court's remarks upon the trial: "I think the question is whether the driver can be found guilty under this ordinance for operating a vending machine without a license— under that Section of the City ordinance, it looks like the only question involved up to now. \* \* \* The evidence before me up to now is that the Canteen Service Company \* \* \* was the one that maintained this vending machine through their agent. Does that make the agent guilty? He is the only one involved as far as the $25.00 fine is concerned."

What the trial court decided was the ordinance did not apply to the defendant, and what was involved in that decision was a construction of the ordinance, and not a determination of its validity. An issue as to the applicability of an ordinance will not support the jurisdiction of the court upon direct appeal. (*City of Chicago* v. *The Great Atlantic and Pacific Tea Co.* 360 Ill. 620; *City of Chicago* v. *Peterson,* 360 Ill. 177; *City of Chicago* v. *Krema Trucking Co.* 401 Ill. 411.) That jurisdiction does not exist even if, as here, a constitutional question was raised in the trial court, if the judgment was based on other issues. (*Ryan* v. *City of Chicago,* 363 Ill. 607, 609; *City of Chicago* v. *Krema Trucking Co.* 401 Ill. 411, 418; *Continental Paper Grading Co.* v. *Fisher & Associates, Inc.* 1 Ill.2d 37, 45.) "A constitutional question is not so presented as to give this court jurisdiction on direct appeal simply because a judgment or decree might have been entered that would have given appellants a right to rely on a constitutional question on appeal." (*People ex rel. Templeton* v. *Board of Education,* 399 Ill. 204, 211; *Hawley Products Co.* v. *May,* 377 Ill. 506, 509; see also *People ex rel. Kurtz* v. *Meyer,* 328 Ill. 122, 124-5.) When the record shows that the validity of an ordinance was not involved, the certificate of the trial judge will not sustain a direct appeal. *Liberty National Bank* v. *Metrick,* 410 Ill. 429, 433.

This court does not have jurisdiction on direct appeal

and the cause is therefore transferred to the Appellate Court for the Second District.

*Cause transferred.*