(No. 34456.—

GROUP SECURITIES, INC., Appellee, *vs.* CHARLES F. CARPENTIER, Secretary of State, Appellant.

*Opinion filed January 24, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (THEODORE W. GRIPPO, of counsel,) for appellant.

POPE & BALLARD, of Chicago, (THOMAS C. STRACHAN, JR., W. McNEIL KENNEDY, and WILLIS S. RYZA, all of Chicago, and PUTNEY, TWOMBLY, HALL & SKIDMORE, of New York, New York, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal comes here from an order of the circuit court of Cook County reversing and setting aside the findings, decision and order of the defendant, the Secretary of State of Illinois, denying renewal of registration of two classes of plaintiff's investment shares. The Secretary of State had denied renewal of registration of shares of the two classes of plaintiff's, Group Securities, Inc., shares known as the General Bond Fund and the Fully Administered Fund pursuant to a hearing upon plaintiff's annual application for renewal of registration under the Illinois Securities Act of 1953. Ill. Rev. Stat. 1955, chap. 121½, pars. 137.1-137.19.

Plaintiff is an open-end investment company, whose shares are sold through investment dealers by the underwriter, Distributors Group, Inc. Upon the sale of these two classes of shares to the public, Group Securities, Inc. receives 91½ percent of the initial offering price; Distributors Group, Inc. receives 8½ percent of the offering price as the underwriting charge. Out of this charge the dealers receive an amount equalling 6 percent of the offering price and 2½ percent is retained by the underwriter.

Plaintiff additionally entered into "Dealers Continuing Compensation Contracts" with dealers whose clients hold shares in these two funds, providing that plaintiff will pay to dealers an annual amount equalling ¼ of 1 percent of the asset value of the shares of these funds outstanding on

the books of said dealer. It is further provided that no payment will be made in any month in which the average daily asset value of all such shares outstanding on the dealer's books is less than $25,000.

Section 7D of the Illinois Securities Act of 1953 provides, in part, that no investment fund shall be registered unless the formula for determining offering price is such that at the time of sale the market value of the unpledged underlying securities and other assets, after deducting all accrued liabilities and established reserve accounts, is at least 90 per cent of such price.

These two funds were originally registered and qualified for sale in Illinois on March 15, 1939, and October 4, 1943, respectively, and continued to be annually renewed in registration along with all of plaintiff's classes of shares. On September 21, 1955, the defendant, the Secretary of State of Illinois, notified plaintiff of an administrative hearing to be had to determine whether the registration of securities of these two funds should be denied. The reasons specified were that the Continuing Compensation Contracts were inequitable and tended to work a fraud and deceit, were violative of section 7D of the Illinois Securities Act, and the prospectus proposed for the sale of these securities failed to disclose material facts in connection with these contracts.

Hearing was had before an Assistant Secretary of State on October 11, 1955, at which time evidence and testimony was heard and plaintiff raised objections to the hearing, attacking the validity and constitutionality of certain portions of the Illinois Securities Act pertinent to the cause. Subsequently the Secretary of State issued his written findings, decision, and order, finding that the Continuing Compensation Contracts violated section 7D of the Securities Act, that the prospectus failed to disclose material facts concerning said contracts, that the various questioned provisions of the Securities Act are valid and the proceed-

ings thereunder are constitutional, and ordering that the application for registration of shares of these two funds be denied.

Thereafter, on January 24, 1956, plaintiff filed a complaint in the circuit court of Cook County alleging that the Illinois Securities Act of 1953 unconstitutionally delegates legislative and judicial functions to the Secretary of State, that section 2L of the Securities Act is unconstitutional in that it is so vague, indefinite, uncertain, and incomplete as to offend due process in defining "investment fund shares" and fails to provide sufficient standards, and that section 7D of the act denies due process of law in failing to provide sufficient standards for the Secretary of State to follow in ordering a hearing and reaching a decision. The complaint further urged that the hearing was void for numerous denials of rights, and the decision and order of the defendant was contrary to law and to the evidence.

The defendant answered by filing a certified copy of the entire record of the proceedings at the administrative hearing. The cause was heard upon the pleadings and written briefs and an order was entered on February 21, 1957, reversing and setting aside the findings and decision and the order of the Secretary of State. The order of the circuit court, upon motion by defendant, incorporated findings of fact and the propositions of law upon which its judgment was based.

It is alleged that this court has jurisdiction of this appeal because at the administrative hearing and in its complaint in the circuit court, plaintiff raised certain constitutional questions permitting direct appeal to this court. Before this court can take jurisdiction upon a direct appeal on the ground that a constitutional question is involved, it must appear from the record not only that there is a substantial and debatable constitutional question, but that the question was raised in the trial court, passed upon there, and properly preserved on appeal. (*Strader* v. *Board of*

*Education,* 413 Ill. 610; *Village of Lansing* v. *Hacker,* 7 Ill.2d 258; *Hackner* v. *Van Wyck,* 381 Ill. 622.) The constitutional questions urged as grounds for direct appeal were presented and ruled upon in the administrative hearing, and were presented in the circuit court. However, the record fails to disclose that the questions were urged in the circuit court, and certainly that court in its decision and order, together with its findings and propositions of law upon which it based its judgment, failed to pass upon such questions.

The constitutional questions must have been presented and determined in the circuit court in order to perfect direct appeal to this court. *Savoy Hotel Co.* v. *Industrial Board,* 279 Ill. 329; *Davis* v. *Industrial Com.* 297 Ill. 29.

This court may only review judgments of lower courts when its jurisdiction has been properly invoked. No debatable constitutional question having been presented in the court below, passed upon by that court and preserved in the record, and no other grounds of direct appeal appearing in the record, this court cannot assume jurisdiction of this appeal. Questions other than the constitutional objections are presented by this appeal, and it is the duty of this court to transfer the appeal to the Appellate Court. (*Teren* v. *City of Chicago,* 413 Ill. 141.) Accordingly, this appeal is transferred to the Appellate Court for the First District for determination.

*Cause transferred.*