(No. 36162.

The City of Chicago, Appellee, *vs.* Elmhurst National Bank, Trustee, Appellant.

*Opinion filed May 19, 1961.*

Bernard Allen Fried, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago, (Sydney R. Drebin, and Marsile J. Hughes, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant was found guilty of a violation of the Municipal Code of Chicago. The trial judge certified that the validity of a municipal ordinance was involved and that

the public interest required that an appeal be taken directly to the Supreme Court.

The defendant was charged with violating the provisions of section 78—5.1 of the Municipal Code which provides as follows:

"(a) In existing buildings where exits do not comply with the requirements of Chapter 67 and in which hazardous conditions exist because of the number, width, construction or location of exits, the commissioner of buildings may order additional exits to assure adequate safety of occupants.

"(b) Every existing building shall have not less than the minimum number of required exists as prescribed in Section 67—4."

Section 67—4, referred to in the above section, provides as follows:

"There shall be not less than two exits from every building, floor, space or room, except that one exit shall be permitted under the following conditions . . ."

The evidence at the trial showed that several of the apartments in the buildings which are involved in this case have access to only a single stairway. The defendant contends that its building, which was erected long before the effective date of the Code, was not subject to the provisions of section 78—5.1. As an alternative argument the defendant contends that if that section applies to its buildings the proof failed to establish a violation of the section. In support of that argument the defendant contends that the burden was upon the city to prove that the defendant's building did not fall within one of the exceptions set forth in section 67—4, and also contends that proof that there was only one stairway did not necessarily establish that there were insufficient exits, it being defendant's contention that an "exit" might be a ladder, rope, ramp or pole and that the city did not prove that the buildings did not contain any of these devices.

The defendant finally contends that the ordinance is invalid because it is so vague and ambiguous that it can not be determined what buildings are subject to the ordinance or what constitutes a violation of the ordinance. An analysis of this argument satisfies us that although the argument is phrased so as to purport to challenge the validity of the ordinance, no such question is actually presented. The argument with respect to the ambiguity and lack of certainty in the ordinance is essentially a repetition of the defendant's arguments that the ordinance does not apply to defendant's buildings and that the alleged deficiencies in the exits of the buildings are not forbidden by the Code. The problem here is not the validity of the ordinance but the construction and application thereof. Where the only question involved on an appeal is the construction or application of an ordinance this court does not have jurisdiction on direct appeal in spite of the fact that the trial judge has certified that the validity of an ordinance is involved. (*City of Watseka* v. *Wilson,* 11 Ill.2d 265; *Liberty National Bank* v. *Metrick,* 410 Ill. 429.) The mere statement or argument by counsel that an ordinance is unconstitutional is insufficient to confer jurisdiction upon this court on direct appeal. (*City of Chicago* v. *Peterson,* 360 Ill. 177.) In every case involving a construction of an ordinance or involving the question of the applicability of an ordinance there is necessarily present some ambiguity or lack of certainty in the ordinance. Otherwise, no question of construction or application would arise. The defendant can not convert such an issue into a constitutional question by arguing that the ordinance is invalid because of such ambiguity.

For the reasons set forth herein the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*