(No. 37828.—

LEONARD W. KOPLIN, Appellant, *vs.* SAUL LERNER CO., INC., *et al.,* Appellees.

*Opinion filed November 26, 1963.*

RAYNOR & MITCHELL, and ARTHUR ABRAHAM, both of Chicago, for appellant.

LORD, BISSELL & BROOK, of Chicago, and GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, (JAMES M. WINNING, of counsel,) for appellee Lerner Co.

DALLSTREAM, SCHIFF, HARDIN, WAITE & DORSCHEL, of Chicago, (BURTON R. RISSMAN, of counsel,) for appellee Filer, Schmidt & Co.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Summons upon the three defendants in this case was served personally in New York under sections 16 and 17 of the Civil Practice Act. (Ill. Rev. Stat. 1961, chap. 110, pars. 16, 17.) The motions of two of the defendants to quash the service of process were granted, and the plaintiff has appealed directly to this court on the ground that the validity of a statute or a construction of the constitution is involved. (Ill. Rev. Stat. 1961, chap. 110, par. 75.) For reasons that will be stated we are of the opinion that this court lacks jurisdiction upon direct appeal.

The two defendants are Saul Lerner Co., (hereafter Lerner), and Filer, Schmidt & Co., (hereafter Filer). Each of them is a dealer in puts and calls and each has its principal place of business in New York City. The complaint alleges that during the years 1959, 1960 and 1961 each defendant sold put and call options in Illinois in violation of the Illinois statutes prohibiting gambling in securities, (Ill. Rev. Stat. 1959, chap. 38, par. 328; Ill. Rev. Stat. 1961, chap. 38, par. 28—1(a)(4)) and that the plaintiff is entitled to recover in this *qui tam* action "three times the aggregate amount of all sums which had been paid to or won by each of said defendants" as a result of the sale and exercise of the options. (Ill. Rev. Stat. 1959, chap. 38, par. 330; Ill. Rev. Stat. 1961, chap. 38, par. 28—8.) The defendants' activities were alleged to constitute the transaction of business in Illinois so that under the statute the court had jurisdiction *in personam* over the defendants as to any causes of action arising out of such transactions. Ill. Rev. Stat. 1961, chap. 110, par. 17.

The defendants appeared specially for the sole purpose of objecting to the jurisdiction of the court. (Ill. Rev. Stat. 1961, chap. 110, par. 20.) In its motion to quash the service of process each defendant contended that all essential parts of all transactions involving the sale and exercise of put and call options occurred in New York, and that it did not transact any business in Illinois within the mean-

ing of section 17 of the Civil Practice Act. (Ill. Rev. Stat. 1961, chap. 10, par. 17.) The motions were supported by affidavits. Filer also asserted in its motion that if section 17 was construed to authorize jurisdiction, it would contravene the due process clause of the fourteenth amendment to the Federal constitution. The court sustained the motions and entered separate orders quashing service of summons on each defendant.

It is at once apparent that as to the defendant Lerner the order entered by the trial court did not involve either the validity of a statute or a construction of the constitution. The court found that "defendant Saul Lerner Co., Inc. has not transacted business in Illinois within the meaning of Section 17(1)(a) of the Illinois Civil Practice Act and has not subjected itself to the *in personam* jurisdiction of this Court." This finding clearly indicates that the court's ruling was based upon a construction of the statute, and negatives the jurisdiction of this court upon direct appeal.

The situation is not so crystal clear as to Filer, for its motion to quash was based both upon its construction of the statute and upon an assertion that the constitution would be violated if its construction was rejected. It does not appear, however, that the trial court passed upon the constitutional issue. Its order found that "the Court lacks jurisdiction over the person of said Filer, Schmidt & Co. and its partners and that such Filer, Schmidt & Co. and its partners are not amenable to process issued by a court of the State of Illinois." This finding does not show affirmatively that any constitutional question was passed upon by the court, or was necessary to its decision. It is entirely consistent with a determination that the statute did not apply to the facts before the court.

As stated in *Grobark* v. *Addo Machine Co.* 16 Ill.2d 426, 431, which came to this court on appeal from the Appellate Court, "While the constitutional question is always present in determining whether a State, consistent with due process,

can enter an *in personam* judgment against a nonresident defendant, nevertheless it is important to avoid placing the cart before the horse. If, for example, there are no minimum contacts with the State in a particular case, it will be unnecessary to decide whether the State, consistent with due process, can assume jurisdiction, unless the State assumes jurisdiction erroneously, and thereby violates due process." Had the trial court overruled the defendant's motion, both the issue as to the construction of the statute and the issue as to the validity of the service of process under the fourteenth amendment would necessarily have been determined, whether or not the court's order specifically mentioned the constitutional issue. (See *People* v. *Nastasio,* 19 Ill.2d 524, 527.) But the fact that a decision might have been rendered that would have involved the validity of the statute is not sufficient to give this court jurisdiction upon a direct appeal. (*Cf. City of Watseka* v. *Wilson,* 11 Ill.2d 265.) "In order to give this court jurisdiction the record must affirmatively show that the constitutional question was not only presented to the trial court for decision but was passed upon by it." *Shilvock* v. *Retirement Board,* 375 Ill. 68, 72; *Group Securities, Inc.* v. *Carpentier,* 13 Ill.2d 41, 45.

Our opinion in *Gray* v. *American Radiator and Standard Sanitary Corp.* 22 Ill.2d 432, upon which the plaintiff relies, did not analyze the question of the jurisdiction of this court upon direct appeal, apparently because the order appealed from indicated that the trial court had ruled upon the constitutional question.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*