(No. 40220.—

Alvin P. Herman *et al.,* Appellants, *vs.* Prudence Mutual Casualty Company *et al.,* Appellees.

*Opinion filed September 29, 1967.*

Ronald L. Cohen, of Chicago, (Terence M. Mac-Carthy, of counsel,) for appellants.

Carey, Filter, Murray & White, and Schaller, Reilly & Cassidy, both of Chicago, (James C. Murray and Robert P. Freeman, of counsel,) for appellees.

Mr. Justice Underwood delivered the opinion of the court:

This is a direct appeal from the dismissal on the pleadings by the circuit court of Cook County of a complaint for an injunction and damages for alleged malicious interference with contractual rights.

The action was instituted by attorneys Alvin P. Herman and Theodore Tannebaum, and certain of their personal injury clients on behalf of themselves and 87 other allegedly similarly situated clients. The defendants are Prudence Mutual Casualty Company, George F. Barrett, an attorney who is a director of Prudence and defends suits against it, Urban Service Bureau, Inc., which is employed by Prudence and other insurance companies to adjust and settle claims, and William Warren, an employee of Urban. In essence, the plaintiff-attorneys charge that defendants maliciously, unethically and fraudulently have attempted to induce their clients to discontinue their business relationships with plaintiff-attorneys and prematurely settle personal injury or property damage claims against insureds of Prudence without assistance from the attorneys, even though defendants knew that the attorneys had been retained by the clients to handle their claims. In the case of plaintiff Cason it is alleged that defendant succeeded in fraudulently obtaining a release of his claim. Contending that they have not adequate remedy at law, plaintiffs ask for temporary and permanent injunctions prohibiting defendants from further communicating with the clients in any way, for actual and punitive damages, and for certain other relief.

In their motion to dismiss for failure to state a cause of action, the defendants attacked the complaint on a number of grounds, including their assertion that by seeking "to enjoin [defendants] from contacting, writing to or speaking with or in any way communicating or attempting to communicate with certain individuals, the complaint attempts to invoke the Court's process to restrict [defendants'] exercise of freedom of speech and press contrary to the provisions of the First and Fourteenth Amendments of the Constitu-

tion of the United States, and Section 4, Article II of the Constitution of the State of Illinois." Defendants' initial argument here is that the trial court failed to rule on the constitutional issue and that we are without jurisdiction on direct appeal. Although we agree that this case must be transferred, we reach that conclusion for reasons other than those argued by defendants. However, it seems appropriate to note that in cases such as this, involving both constitutional and nonconstitutional arguments, it is desirable that the trial judge indicate specifically the grounds upon which his ruling is predicated.

Besides the requirement that a constitutional issue which is raised at the trial level must be there ruled upon before a case may be appealed directly to this court by virtue of its presence (*Berk* v. *County of Will,* 34 Ill.2d 588; *Koplin* v. *Saul Lerner Co.,* 29 Ill.2d 451, 454), it is also necessary that the constitutional question posed be a substantial one. *Berk; First National Bank & Trust Co.* v. *City of Evanston,* 30 Ill.2d 479; *People ex rel. Tirikoff* v. *Northwestern University,* 396 Ill. 233, 235.

The gist of plaintiffs' complaint, which contains no hint of a charge of defamation, is the claim that defendants have maliciously interfered with plaintiffs' contractual rights. As stated by the Supreme Court of Missouri in *Downey* v. *United Weatherproofing, Inc.,* 363 Mo. 852, 253 S.W.2d 976 at 983, granting an injunction in a case such as this simply affords an aggrieved person "full and complete relief in the preservation of [his] business and contractual rights and interests" and therefore the constitutional provision "insuring free speech * * * may be correctly considered inapplicable." See also *American Malting Co.* v. *Keitel,* (2d cir.) 209 F. 351; *West Willow Realty Corp.* v. *Taylor,* 198 N.Y.S. 2d 196, 199; *National Life Insurance Co. of U.S.* v. *Myers,* 140 Ill. App. 392.

A trial court conceivably might grant injunctive relief in a case like the instant case in such broad terms that it

runs afoul of a defendant's right to free speech (*cf. Mont-gomery Ward & Co. v. United Retail, Wholesale & Department Store Employees of America, C.I.O.,* 400 Ill. 38), but that case is not before us. There, however, the constitutional question would arise by virtue of judicial error and not because of any constitutional question inherent in an action to prevent malicious interference with contractual rights, since such action presents, not the free speech issue, but simply the question of what relief, if any, is appropriate to protect plaintiffs' contractual rights. See *Compass Sales Corp. v. National Mineral Co.,* 388 Ill. 281, 282.

Since no substantial constitutional question is involved herein, there is no basis for direct appeal, and this case is accordingly transferred to the Appellate Court for the First Judicial District.

*Cause transferred.*